IN THE MATTER OF: JOHN ROBERT BRADLEY, JOSEPH CHARLES BRADLEY

No. 8128DC909

{Filed 1 June 1982)

1. **Appeal and Error § 3— constitutionality of statute not raised in lower court**
    Where the trial court did not rule on the constitutionality of G.S. § 7A-289.32(4) in a proceeding to terminate parental rights, the appellate court would not rule on its constitutionality.

2. **Evidence § 29 — termination of parental rights—prison records properly admitted into evidence**
    In a proceeding to terminate parental rights, the trial court did not err in admitting an authenticated copy of a Department of Correction document reclassifying respondent's status as a prisoner and disclosing that respondent had been removed from the work-release program for having returned therefrom in a highly intoxicated condition since this was a relevant and properly certified copy of an official record and was admissible. G.S. § 8-34.

**3. Parent and Child § 1— termination of parental rights—forfeiting ability to pay support by own misconduct**

> In a proceeding to terminate parental rights, the trial court did not err in concluding that respondent failed to pay a reasonable portion of the cost of care of the minor children where respondent was incarcerated in the North Carolina Prison System, and respondent had the opportunity to participate in the work-release program but was removed from the program due to his violation of prison regulations by returning from the work-release program in an intoxicated condition. Where the parent has an opportunity to provide for some portions of the cost of care of the child, and forfeits that opportunity by his or her own misconduct, such parent will not be heard to assert that he or she has no ability or means to contribute to the child's care and is therefore excused from contributing any amount.

Judge BECTON dissenting.

APPEAL by respondent from *Fowler, Judge.* Order entered 25 June 1981 in District Court, BUNCOMBE County. Heard in the Court of Appeals on 8 April 1982.

This appeal arises out of a petition by the Buncombe County Department of Social Services to terminate the parental rights, of any and all respondents, over infants John and Joseph Bradley. Robert Bradley, respondent, filed an answer and contested any proceeding to terminate his parental rights over the children. An evidentiary hearing was conducted in District Court on 21 May 1981, and the court thereafter made findings of fact and conclusions of law, including the conclusions that there were grounds under G.S. § 7A-289.32(4) for termination of the parental rights of respondent, and that it was in the best interest of the minor children that respondent's parental rights be terminated. From an order terminating respondent's parental rights to the minor children, respondent appealed.

*Stanford K. Clontz, for petitioner appellee.*

*Pisgah Legal Services, by Roger Theodore Smith, for respondent appellant.*

*Attorney General Rufus L. Edmisten, by Assistant Attorneys General Henry T. Rosser, Blackwell M. Brogden, Jr. and Robert E. Cansler, amicus curiae.*

HEDRICK, Judge.

[1]  In his first two arguments for reversal, respondent contends that G.S. § 7A-289.32(4) violates the due process clause of the United States Constitution in that it invades "constitutionally protected parental rights by means which are not the 'least drastic'" and in that it "is overbroad." These two assignments of error are purportedly based on Exception 9, which is to the conclusion of law

> [t]hat grounds for termination of the parental rights of Respondent Bradley are found to exist under General Statute Section 7A-289.32(4), in that Respondent failed to pay any portion of the cost of care of the minor children since June, 1979, a continuous period of approximately eighteen (18) months next preceding the filing of the Petition; and Respondent's failure to contribute to the cost of care of the minor children is not reasonable under the circumstances in that Respondent [who is a convict in the custody of the North Carolina Department of Correction] would have had the opportunity to provide financial support to the children through participation in the work-release program had he not lost this privilege due to his own misconduct,

and Exception 11, which is to the judgment. These exceptions do not raise the constitutionality of the statute. Insofar as this record is concerned, the trial judge did not rule on the constitutionality of G.S. § 7A-289.32(4); thus, this court will not rule on its constitutionality. *See* State *ex rel. Commissioner of Insurance v. North Carolina Rate Bureau*, 300 N.C. 381, 269 S.E. 2d 547 (1980). However, *see In re Clark*, 303 N.C. 592, 605, 281 S.E. 2d 47, 56 (1981), where our Supreme Court found "no constitutional defect for vagueness in G.S. 7A-289.32(4)."

[2]  By Assignment of Error Number 6, based on Exception Number 6, respondent contends that the court erred in admitting into evidence respondent's prison records. "It has long been the law in this State that original official records are admissible into evidence when properly authenticated, for purposes of proof of matters relevant to the information contained in the official record." *State v. Joyner*, 295 N.C. 55, 62, 243 S.E. 2d 367, 372 (1978). Copies of official writings, recorded or filed as records in a public office, are as competent evidence as the original when cer-

tified by the keeper of such writing under the seal of his office when there is such seal, or under his hand when there is no seal, unless the court shall order the production of the original. G.S. § 8-34. The record challenged in the present case was an authenticated copy of a Department of Correction document reclassifying respondent's status as a prisoner and disclosing that respondent had been removed from the work release program for having returned therefrom in a highly intoxicated condition. This evidence was a relevant and properly certified copy of an official record and was admissible. The assignment of error is without merit.

[3] In his last assignment of error, respondent argues that "[t]he Court erred in concluding that Respondent Bradley failed to provide any reasonable support while he was incarcerated, in that it is unreasonable to require a prisoner to provide financial support while he is in the custody of the Department of Corrections."

G.S. § 7A-289.32(4) provides the following as a ground upon which parental rights may be terminated:

> The child has been placed in the custody of a county department of social services, a licensed child-placing agency, or a child-caring institution, and the parent, for a continuous period of six months next preceding the filing of the petition, has failed to pay a reasonable portion of the cost of care for the child.

The court made unchallenged findings of fact that the minor children had been in the custody of the Buncombe County Department of Social Services since July 1974, that respondent had failed to pay any portion of the cost of care for the minor children since June 1979, and "[t]hat while incarcerated in the North Carolina Prison System, Respondent had the opportunity to participate in the work-release program but was removed from the program due to his violation of prison regulations, *viz.* returning from the work-release program in an intoxicated condition." The inquiry, therefore, is whether these findings of fact support the court's conclusion that respondent failed to pay a reasonable portion of the costs of care of the minor children.

In determining what is a "reasonable portion," the parent's ability to pay is the controlling characteristic. *In re Clark, supra.*

In re Bradley

A parent is required to pay that portion of the cost of foster care for the child that is fair, just and equitable based upon the parent's ability or means to pay. What is within a parent's "ability" to pay or what is within the "means" of a parent to pay is a difficult standard which requires great flexibility in its application.

*In re Clark, supra* at 604, 281 S.E. 2d at 55.

In the present case, respondent paid nothing for the children's care over the relevant time period. This nonpayment would constitute a failure to pay a "reasonable portion" if and only if respondent were able to pay some amount greater than zero. The trial court did not err in concluding that he was so able. Where, as here, the parent had an opportunity to provide for some portion of the cost of care of the child, and forfeits that opportunity by his or her own misconduct, such parent will not be heard to assert that he or she has no ability or means to contribute to the child's care and is therefore excused from contributing any amount. This assignment of error is overruled.

In the trial we find

No error.

Judge HILL concurs.

Judge BECTON dissents.

Judge BECTON dissenting:

The majority decides the reasonableness of Robert Bradley's non-payment of support solely upon its review, and acceptance, of the Department of Correction's finding that Robert Bradley, the respondent, violated a prison regulation which resulted in the loss of his work-release privilege. Specifically, the majority states:

Where, as here, the parent had an opportunity to provide for some portion of the cost of care of the child, and forfeits that opportunity by his or her own misconduct, such parent will not be heard to assert that he or she has no ability or means to contribute to the child's care and is therefore excused from contributing any amount.

Ante, p. 4-5. In a proceeding to terminate parental rights, our courts should not, in my view, summarily accept the Department of Correction's (or any employer's) judgment relating to a parent's ability to remain gainfully employed. A judgment that Bradley failed to comply with prison regulations resulting in the loss of his work-release privilege should not, *ipso facto*, dispose of the issue before the court—i.e., whether Bradley should be denied his "parental rights." Neither *In Re Clark*, 303 N.C. 592, 281 S.E. 2d 47 (1981), nor *In Re Biggers*, 50 N.C. App. 332, 274 S.E. 2d 236 (1981), which the majority cites, mandates that. Realizing that an inmate of a North Carolina correctional facility " 'upon being considered for honor grade status, or work release, is not entitled, either under the State or Federal Constitutions, to procedural due process rights,' " *Goble v. Bounds*, 13 N.C. App. 579, 582, 186 S.E. 2d 638, 640 (1972), *affirmed* 281 N.C. 307, 188 S.E. 2d 347 (1972), and that an employer can terminate an employee for almost any reason, except a constitutionally impermissible reason, I dissent.

No one disputes that Bradley's interest in retaining his parental rights is substantial. "A parent's interest in the accuracy and justice of the decision to terminate his or her parental status is . . . a commanding one." *Lassiter v. Department of Social Services of Durham County*, 452 U.S. 18, 27, 68 L.Ed. 2d 640, 650, 101 S.Ct. 2153, 2160 (1981). *See also Clark*, 303 N.C. at 600, 281 S.E. 2d at 53. That is why "[t]he burden of DSS [the Department of Social Services] on the merits of the petition is a heavy one." *In re Clark*, 303 N.C. at 604, 281 S.E. 2d at 55. The burden on DSS to prove facts which would support termination is by "clear, cogent and convincing evidence." G.S. 7A-289.30(e).

In this case, there was no testimony at the parental rights termination hearing regarding Bradley's circumstance in prison, detailing why he was terminated from work-release, or indicating when he would again be eligible for work-release or for parole. The trial court based its decision to terminate Bradley's parental rights solely on its examination of the *records* of the Department of Correction which were submitted by DSS. Again, a court should not substitute the judgment of the Department of Correction regarding an inmate's ability to follow prison regulations for its determination of whether the inmate should retain his parental rights.

In my view, the parental rights termination proceeding was inadequate to determine the question presented. The risk of an erroneous deprivation of parental rights is clearly present when the trial court acts on unexplained Department of Correction records. In this regard I do not believe that the findings of fact support the trial court's conclusion that Bradley failed to pay a reasonable portion of the cost of care of his minor children.

Bradley's attorneys, in their brief, aptly expressed my more fundamental difference with the majority by raising the following questions: (1) Was the $801.07 that Bradley contributed while in custody a "reasonable portion" for the time period involved? (2) Because Bradley's "ability to pay" was contingent upon his ability to retain his work-release status, should the extreme consequence of loss of parental rights befall him for losing such status? (3) If, as a prisoner, Bradley has no earning power at all, should not the "ability to pay" standard mean that he is not required to make any contributions at all until he regains some means of earning money? (4) If Bradley's prison status were soon to change, (for example, if he were to retain his work-release privilege or be paroled), should not requirements of payment be suspended until an "ability to pay" exists?

Simply put, I believe that the element of "willfulness" has to be read into G.S. 7A-289.32(4); otherwise, the State could terminate the rights of *every parent* who is fired or whose non-payment of support for the six-month statutory period is unintentional, inadvertent, or beyond that parent's control.

In my view, it was error as a matter of law for the trial court to terminate Bradley's parental rights on the facts of this case. Further, I do not believe the findings by the trial court support the conclusion that Bradley failed to pay a reasonable portion of the cost of care of his minor children. Moreover, at the very least, the trial court failed to apply the *Biggers* "ability to pay" standard with the "great flexibility" envisioned by our Supreme Court in *Clark.*

I would, therefore, reverse the decision of the trial court.