In the Matter of: TAMMY JEAN ALLEN, JENNY LYNN ALLEN, CLARENCE DANSVILLE ALLEN, JR., AIMEE MARIE ALLEN, and SUZANNE RENEE ALLEN, Minor Children; CUMBERLAND COUNTY DEPARTMENT OF SOCIAL SERVICES, Petitioner, and CLARENCE D. ALLEN, SR., and CAROLYN ALLEN, Respondents

No. 8112DC1154

(Filed 20 July 1982)

1. **Parent and Child § 1— termination of parental rights—constitutionality of statutes**

G.S. 7A-289.32(2), the statute under which parental rights are terminated, is not unconstitutionally vague in that it does not define "neglected child" since the definition of neglected child is clearly set out in G.S. 7A-517(21). Further, G.S. 7A-289.32(4), which provides that when a child has been placed in foster care, parental rights may be terminated for the failure of the parent to pay a reasonable portion of the child care costs for six months preceding the filing of the petition, is not unconstitutionally vague.

2. **Parent and Child § 1— termination of parental rights—findings supported by evidence**

In a proceeding to terminate parental rights, the findings relating to the behavioral and emotional problems of the minor children which were the subject of the proceeding were supported by the evidence.

3. **Parent and Child § 1— termination of parental rights—failure to provide support—sufficiency of evidence**

The trial court did not err in finding that "respondents have failed to pay a reasonable portion of the cost of the children's care" where only some of the payments under a Voluntary Support Agreement were made and where the father presented evidence that he had been unable to make some payments because his salary as an Army staff sergeant had been docked $600.00 and because he had incurred unexpected traffic fines and attorneys' fees and where the mother contended she was unable to pay any of the child care costs because she was an unemployed housewife and because she was later incarcerated. The trial court should have made separate findings as to the mother's failure to pay; however, there was no prejudice since evidence of any one of the six grounds enumerated in G.S. 7A-289.32 is sufficient to terminate parental rights and there was sufficient evidence to support a finding that the children were abused and neglected under G.S. 7A-289.32(2).

4. **Parent and Child § 1— termination of parental rights—written order entered more than 10 days after oral order made in court—no error**

The judicial procedure to be used in termination of parental rights cases which is prescribed in G.S. 7A-289.22 et seq. does not put the trial court under a 10 day rule to enter a written judgment. G.S. 7A-289.31 and G.S. 1A-1, Rule 58.

APPEAL by respondents from *Cherry, Judge.* Judgment entered 30 June 1981 in District Court, CUMBERLAND County. Heard in the Court of Appeals 9 June 1982.

The parents of five minor children appeal an order by the district court which terminated their parental rights because the children were found to be abused and neglected and because the parents failed to pay a reasonable portion of the child care costs incurred by the Cumberland County Department of Social Services.

*Sandra Edwards for Cumberland County Department of Social Services, and Cooper, Davis & Eaglin, by Paul B. Eaglin, for the five minor children, petitioners-appellees.*

*Chandler, Cooke, Glendening, P.A., by James H. Cooke, Jr., for Carolyn Allen, respondent appellant.*

*Barrington, Jones, Witcover & Armstrong, P.A., by C. Bruce Armstrong, for Clarence D. Allen, Sr., respondent appellant.*

BECTON, Judge.

On this appeal, Clarence Allen raises the following issues: (1) whether G.S. 7A-289.32(2) and (4) is unconstitutionally vague; and (2) whether the court erred by basing its order upon findings of fact which are unsupported by the evidence. Carolyn Allen, in addition to raising the same issues as did Clarence Allen, brings forth the following arguments: (1) whether the trial court erred in denying respondents' motions for directed verdict at the end of the petitioners' evidence; (2) whether the court erred in denying respondents' motion for directed verdict at the end of all of the evidence; (3) whether the trial court erred in altering and amending, on its own motion, the judgment announced in open court, since more than ten days passed between the time the judgment was announced in open court and the time the subsequent written judgment was filed; and (4) whether the evidence presented to the trial court established the statutory grounds for terminating parental rights. We disagree with the respondents, and we affirm the order below.

I

[1] First, we address the respondents' argument that G.S. 7A-289.32(2), the statute under which their parental rights were

terminated, is unconstitutionally vague in that it does not define "neglected child." This question has been addressed by this Court in *In re Biggers*, 50 N.C. App. 332, 274 S.E. 2d 236 (1981). In *Biggers*, this Court found that G.S. 7A-289.32(2) was not unconstitutionally vague because the definition of a neglected child was clearly set out in our statutes. G.S. 7A-517(21) defines a neglected juvenile as one

> who does not receive proper care, supervision, or discipline from his parent, guardian, custodian, or caretaker; or who has been abandoned; or who is not provided necessary medical care or other remedial care recognized under State law, or who lives in an environment injurious to his welfare, or who has been placed for care or adoption in violation of law.

The *Biggers* Court found that identical language under former G.S. 7A-278(4) was not unconstitutionally vague. 50 N.C. App. at 341, 274 S.E. 2d at 241-42. The Court stated that the terms used "are given a precise and understandable meaning by the normative standards imposed upon parents by our society, and, parents are, therefore, given sufficient notice of the types of conduct that constitute child neglect in this State." *Id.*, 274 S.E. 2d at 241-42. We, therefore, overrule this assignment of error.

We also find Clarence Allen's separate argument, that G.S. 7A-289.32(4) is unconstitutionally vague, to be without merit. G.S. 7A-289.32(4) provides that when a child has been placed in foster care, parental rights may be terminated for the failure of the parent to pay a reasonable portion of the child care costs for six months preceding the filing of the petition. This provision was upheld by the *Biggers* Court, 50 N.C. App. at 341, 274 S.E. 2d at 242, and was also found to be without constitutional infirmity in *In re Clark*, 303 N.C. 592, 603-06, 281 S.E. 2d 47, 56 (1981), wherein *Biggers* was quoted with approval. The provision was said to be "sufficiently definite to be applied in a uniform manner to protect both the State's substantial interest in the welfare of minor children and the parents' fundamental right to the integrity of their family unit." 50 N.C. App. at 342-43, 274 S.E. 2d at 242, *quoted* in *In re Clark*, 303 N.C. at 605, 281 S.E. 2d at 56.

## II

[2]   Second, both respondents argue that the trial court's findings of fact are not supported by the evidence "taken in the light most favorable to the petitioner." On appeal, when a trial court's order is reviewed as not being supported by the evidence we look to see whether there is clear, cogent and convincing competent evidence to support the findings. *Santosky v. Kramer*, --- U.S. ---, 71 L.Ed. 2d 599, 102 S.Ct. 1388 (1982); *In re Smith*, 56 N.C. App. 142, 287 S.E. 2d 440, 444 (1982); G.S. 7A-289.30(e). If there is such competent evidence, the findings are binding upon us on appeal. *In re Smith*, 56 N.C. App. at 149, 287 S.E. 2d at 444. The trial court made the following findings of fact:

II. That all of the children have from time to time been in the custody of or under the supervision of the Cumberland County Department of Social Services because of the neglect of the respondents.

III. That the children, Tammy, Jenny and Clarence Allen, who are the subject of this action have been allowed to suffer serious emotional damage causing extreme aggression toward adults and other children, nightmares, bed-wetting, preoccupation with sex and inappropriate sexual behavior and knowledge and antisocial behavior and attitudes; and that the respondents have failed and refused to respond to the efforts of the Cumberland County Department of Social Services to involve them in Parent Effectiveness Training or other counseling designed to help them alleviate their personal problems and those of the children.

IV. That while in the care of the respondents, all of the children have frequently been found to be dirty, unfed and urine soaked; that the children have not been taught by the respondents to control their aggression and their improper sexual behavior has been ignored if not encouraged by the respondents; that none of the children have received from the respondents any concept of schedules for eating, sleeping or any activity normally a part of the routine of a child; and that the children are not and have not received proper care, supervision or discipline from the respondents.

V. That because of the lack of discipline and supervision on the part of the respondents and because of the lack of

proper emotional understanding, the children, while with the respondents, have been in an environment injurious to their welfare; and that should they return to that environment they would be likely to suffer both physical and emotional injuries.

VI. That Tammy Allen is subject to petit mal seizures; that the respondents never attempted to have the condition diagnosed or treated; that such a condition is treatable by medicine and other remedial care recognized under the laws of North Carolina; and that the respondents have failed and neglected to provide such treatment which was available to them.

VII. That Suzanne Allen suffered from a severe case of diaper rash; that there was no evidence of proper medical care of other remedial action by the respondents; and that medical treatment and other remedial care recognized under the laws of North Carolina was reasonably available to the respondents.

VIII. That the respondent, Carolyn Allen, has left the home on occasions from two days to two weeks without providing for the care and supervision of the children and that the respondent, Clarence Allen, Sr., was either unable to or neglected to provide for such care and supervision.

We have reviewed the record, and we find that the trial court's findings are supported by ample clear, cogent and convincing evidence in the form of testimony from DSS social workers and officials, foster parents who keep the children, teachers in the Cumberland County Schools, a licensed psychologist at the Cumberland County Mental Health Clinic in the Children's Program, and a psychological associate with the Children's Treatment Center. These witnesses gave detailed accounts of the emotional and mental health of the children as well as their physical health and appearance when the children were in the custody of their parents, when the children were first placed in foster care, and several months after the children had been placed in foster care. Several witnesses testified regarding the extreme unruly and undisciplined habits of the children, their lack of appreciation for the concepts of order and discipline, and of their abnormal and aggressive sexual behavior. This evidence supports

the trial court's findings listed above. Therefore, the respondents' assignment of error relating to these facts is overruled.

[3] The trial court also made the following findings of fact:

> IX. That the children have been placed in the custody of the Cumberland County Department of Social Services for a period in excess of six months at a cost of $13,982.08 of which $917.00 has been paid by the respondents; that Clarence D. Allen, Sr. is and has been during this period an active duty member of the United States Army with a monthly income in excess of $1,000.00; and that the respondents have failed to pay a reasonable portion of the costs of the children's care.

The Allens entered into voluntary support agreements on two occasions. Effective 1 March 1979, they were to pay $40.00 per month toward the foster care of Aimee. At least three monthly payments had been made for Aimee's care by the time she left foster care on 13 June 1979. In 1981, the respondents again entered into a Voluntary Support Agreement effective 1 March 1981 whereby they were to pay $213.00 per month for all five children. Some payments were made under this agreement. There is no evidence to suggest that the respondents ever challenged this amount as being an unreasonable portion of the child care costs. Whether that amount is a reasonable portion of the child care costs is, therefore, not before us. Mr. Allen presented evidence that he had been unable to make some payments because his salary as an Army staff sergeant had been docked $600.00 and because he had incurred unexpected traffic fines and attorneys' fees. Because the trial court, in this case, had to decide the credibility issues and the weight, if any, to be given to the evidence in determining if Mr. Allen failed to pay a reasonable portion of the cost of care for his children, we reject Mr. Allen's argument. The evidence supports the finding of fact and they are therefore, binding upon us.

Carolyn Allen contends that she was unable to pay any of the child care costs because she was an unemployed housewife and because she was later incarcerated. Consequently, she argues that, as to her, Finding of Fact No. 9 is not supported by clear, cogent and convincing evidence. The evidence is clear that Carolyn Allen failed to pay the costs. We believe, however, that since she offered different justifications for nonpayment, the bet-

ter practice would have been for the trial court to have made separate findings as to her failure to pay. Such a distinction is necessary because this Court pointed out in *Biggers* that what a "reasonable portion" is "must be based upon an interplay of '(1) the amount of support necessary to "meet the reasonable needs of the child" and (2) the relative ability of the parties to provide that amount.' *Coble v. Coble*, 300 N.C. 708, 712, 268 S.E. 2d 185, 189 (1980); G.S. 50-13.4(c)." 50 N.C. App. at 341, 274 S.E. 2d at 242. We find no prejudice in this error, however, since evidence of any one of the six grounds enumerated in G.S. 7A-289.32 is sufficient to terminate parental rights. *Biggers;* G.S. 7A-289.32. Since the evidence is sufficient to support a finding that the children were abused and neglected under G.S. 7A-289.32(2), we overrule this assignment of error by Carolyn Allen.

### III

We now address the additional arguments presented by Carolyn Allen. She first contends that a directed verdict should have been granted to her at the close of the petitioners' evidence and at the close of all of the evidence. On a motion for directed verdict, the evidence and all inferences which can be drawn therefrom, is viewed in the light most favorable to the nonmovant. *Summey v. Cauthen*, 283 N.C. 640, 647, 197 S.E. 2d 549, 554 (1973). Viewing the evidence presented during the petitioners' case and the evidence presented by the respondents in the light most favorable to the petitioners, we find the evidence sufficient to satisfy the statutory grounds for terminating the respondents' parental rights. Consequently, these arguments and the argument that the evidence does not establish statutory grounds for terminating parental rights are found to be without merit.

### IV

[4] Finally, we address Carolyn Allen's argument that the trial court erred by altering or amending, on its own motion, the order which was made during open court over ten days after the oral judgment was entered in open court. We have reviewed the order issued by the court in open court and find that those findings are essentially the same as those enumerated in greater detail and previously cited in this opinion. We find that no altering or amending has been done.

Mrs. Allen argues that the written order was entered more than ten days after the oral order was made in court. There is no rule which requires a trial judge to prepare a written order within ten days of the entry of his order in open court.

The judicial procedure to be used in termination of parental rights cases is prescribed by the legislature in G.S. 7A-289.22 *et seq.* The Rules of Civil Procedure, while they are not to be ignored, are not superimposed upon these hearings. *See In Re Pierce*, 53 N.C. App. 373, 388-89, 281 S.E. 2d 198, 207-08 (1981) (judgment properly corrected under Rule 60(a)). G.S. 7A-289.31 refers to the court issuing an order. It does not speak of the entry of judgment and nowhere is it found that the court is under a ten day rule to enter a written judgment. In *In Re Pierce*, 53 N.C. App. at 380, 281 S.E. 2d at 202-03, this Court said:

> The sections of Art. 24B comprehensively delineate in detail the judicial procedure to be followed in the termination of parental rights. This article provides for the basic procedural elements which are to be utilized in these cases . . . . Due to the legislature's prefatory statement in G.S. 7A-289.22 with regard to its intent to establish judicial procedures for the termination of parental rights, and due to the specificity of the procedural rules set out in the article, we think the legislative intent was that G.S. Chap. 7A, Art. 24B, exclusively control the procedure to be followed in the termination of parental rights. It was not the intent that the requirements of the basic rules of civil procedure of G.S. Sec. 1A-1 be superimposed upon the requirements of G.S. Chap. 7A, Art. 24B. Therefore, in this case we need only ascertain whether the trial court correctly followed the procedural rules delineated in the latter.

We find no error in the entry of the written order under G.S. 7A-289.31.

Further, after a review of the Rules of Civil Procedure, we find no error under G.S. 1A-1, Rule 58. A trial court is directed to enter judgment pursuant to Rule 58. The trial court is given the "authority under G.S. 1A-1, Rule 58 to approve the form of the judgment and direct its prompt preparation and filing. . . ." *Condie v. Condie*, 51 N.C. App. 522, 528, 277 S.E. 2d 122, 125 (1981). In *Condie*, the trial court entered an order in open court on 16 April

1980. Written judgment was signed on 20 May 1980, more than a month later, and the written judgment was filed on 30 May 1980. This Court said that entry and filing of the written judgment in *Condie* was a proper exercise of the authority granted the trial court under Rule 58. Consequently, we find no error in the entry of the written order.

For the foregoing reasons, the order of the trial court is

Affirmed.

Chief Judge MORRIS and Judge MARTIN (Robert M.) concur.