IN RE: BAREFOOT AND TOLER

No. 8311DC583

(Filed 17 April 1984)

**Parent and Child § 1.6— termination of parental rights—sufficiency of evidence**

> The evidence was sufficient to support a trial court's order terminating parental rights and finding the children were neglected as defined by G.S. 7A-517(21) where the evidence tended to show that respondent did not provide the children with "proper care" and "supervision"; that they had on various occasions been "abandoned," and that they had not been provided "necessary medical care"; that respondent chose to serve an active prison term in lieu of probation thereby diminishing the opportunity to care and supervise her minor children; and that upon release from incarceration, respondent made very little effort to visit with her children.

APPEAL by respondent from *Pridgen, Judge.* Order entered 30 December 1982 in District Court, JOHNSTON County. Heard in the Court of Appeals 5 April 1984.

This is a proceeding instituted by petitioner, Johnston County Department of Social Services, for the termination of the parental rights of Joyce Ann Barefoot, parent of Christi Ann Toler, Jeremy Lee Barefoot, and Joey Lynn Barefoot. The Department of Social Services (hereinafter DSS) obtained legal and physical custody of the three children on 28 October 1981, and on 30 September 1982, DSS petitioned the court to terminate the parental rights of respondent.

At the termination hearing, the trial judge made the following pertinent findings of fact:

. . .

(2) That the mother graduated from high school, but has never had gainful employment except for brief work at Export Leaf Tobacco Company and occasional farm work.

(3) That beginning in April, 1981, the Johnston County Dept. of Social Services has been involved with the mother and the three children by offering homemaker services, transportation services and medical treatment; that the Johnston County Dept. of Social Services has disbursed to the mother for the benefit and support of the children

$277.00 per month in food stamps, $192.00 in AFDC payments and W.I.C. payments which included quantities of milk, juice, eggs and cereal having a value of approximately $50.00 per month.

(4) That the mother did not use this income and food to the advantage of the children in that on numerous occasions there was no food in the house, the children were unclean, improperly dressed and the mother failed to cooperate in obtaining the necessary needs for the children.

(5) That the mother, until October, 1981, failed to be available in the home to supervise and discipline the children; that she was away from the home for several extended periods, leaving the children with her mother, whom she knew to be in ill health.

(6) The mother failed to keep appointments for medical attention for the children and the AFDC and food stamp payments were assigned to a homemaker who made arrangements to secure food and services for the family.

(7) That in October, 1981, the mother, Joyce Barefoot was convicted of criminal abandonment and elected to serve active time in prison in lieu of a probation sentence.

(8) That the children were adjudicated neglected and placed in the custody of the Johnston County Dept. of Social Services by order dated October 28, 1981.

(9) That the children have remained in the custody of the Johnston County Dept. of Social Services since that time without visitations by the mother upon her release in January, 1982, from incarceration in the N.C. Dept. of Correction except for two visits, one in May, 1982, and one in June, 1982.

. . .

(12) That the mother has not contributed anything to the Johnston County Dept. of Social Services since the children have been in her [sic] custody and specifically within the six months next preceding the filing of the petition; . . .

Whereupon the trial judge made the following conclusions of law:

(1) That the Court concludes as a matter of law that the children are neglected in that while living with their mother they were in an environment injurious to their welfare; that they have not received from their mother proper care, supervision or discipline; that they have on various occasions been abandoned and have not been provided necessary medical care.

(2) That the mother has failed to provide reasonable support during the six months immediately preceding the institution of this action.

. . .

(4) That the Court further finds that the best interests of the children and each of them require that the parental rights of the mother be terminated.

. . .

Based upon the findings of fact and the conclusions of law the trial judge entered an order terminating the parental rights of Joyce Ann Barefoot, respondent. From this order, respondent appealed.

*No counsel for Johnston County Department of Social Services, appellee.*

*Robert A. Spence, Jr., Guardian Ad Litem, for Christi Ann Toler, Jeremy Lee Barefoot, and Joey Lynn Barefoot, appellees.*

*James E. Floors for the respondent, appellant.*

HEDRICK, Judge.

Respondent has failed to comply with the provisions of Rules 10 and 28 of the North Carolina Rules of Appellate Procedure. Thus, the only question presented on this appeal is whether the findings of fact support the conclusions of law and the order entered.

N.C. Gen. Stat. Sec. 7A-289.32 sets forth six separate grounds upon which a termination of parental rights order can be based. Portions of the statute pertinent to this case are as follows:

*Grounds for terminating parental rights.* — The court may terminate the parental rights upon a finding of one or more of the following:

. . .

(2) The parent has abused or neglected the child. The child shall be deemed to be abused or neglected if the court finds the child to be an abused child within the meaning of G.S. 7A-517(1), or a neglected child within the meaning of G.S. 7A-517(21).

. . .

(4) The child has been placed in the custody of a county department of social services, a licensed child-placing agency, or a child-caring institution, and the parent, for a continuous period of six months next preceding the filing of the petition, has failed to pay a reasonable portion of the cost of care for the child.

. . .

In the present case the trial judge based his order of termination on the grounds of (1) neglect, and (2) failure of respondent to provide support. If either of these grounds is supported by findings of fact based on clear, cogent, and convincing evidence, we must affirm. G.S. Sec. 7A-289.30(e). *In re Allen,* 58 N.C. App. 322, 325, 293 S.E. 2d 607, 609 (1982). *In re Moore,* 306 N.C. 394, 404, 293 S.E. 2d 127, 133 (1982), *appeal dismissed,* --- U.S. ---, 74 L.Ed. 2d 987, 103 S.Ct. 776 (1983). *In re Ballard,* 63 N.C. App. 580, 586, 306 S.E. 2d 150, 154 (1983).

Turning to the first ground upon which the trial court based its termination order, evidence that the children were neglected as defined by N.C. Gen. Stat. Sec. 7A-517(21) is abundant. The evidence tended to show that respondent did not provide the children with "proper care" and "supervision," that they have on various occasions been "abandoned," and that they have not been provided "necessary medical care." Moreover, there is undisputed evidence that respondent chose to serve an active prison term in lieu of probation thereby diminishing the opportunity to care and supervise her minor children. Upon release from incarceration, respondent made very little effort to visit with her children. In fact,

respondent visited with her children only two (2) times between January, 1982 and December, 1982. She contributed nothing to the support of her children from January, 1982 to December, 1982. We think the evidence supporting the trial court's conclusion of neglect is clear, cogent, and convincing.

The order of the trial court terminating the parental rights of the respondent is

Affirmed.

Judges HILL and JOHNSON concur.