IN THE MATTER OF: CHRISTY ANN MOORE, ALBERT WILLIAM MOORE,
TIMMIE DALE MOORE, MINOR CHILDREN

No. 8313DC723

(Filed 1 May 1984)

**Parent and Child § 1.5― termination of parental rights―failure to pay reasonable
portion of cost of care―necessity for findings as to ability to pay**

The trial court erred in terminating respondent mother's parental rights
for failure to pay a reasonable portion of the costs of care for her three
children who had been placed in the custody of a county department of social
services where the court failed to make findings as to respondent's ability to
pay some portion of the costs of child care.

APPEAL by respondent Helen Dixon from *Gore, Judge.* Juve-
nile order entered 11 February 1983 in District Court, BRUNSWICK
County. Heard in the Court of Appeals 12 April 1984.

Respondent Helen Dixon (hereafter respondent) appeals from
an order terminating her parental rights, pursuant to G.S. 7A-
289.32(4), for failure to pay a reasonable portion of the cost of care
for her three children who had been placed in the custody of the
Brunswick County Department of Social Services.

*Walton, Fairley & Jess, by Elva L. Jess, for respondent ap-
pellant.*

*David L. Clegg for petitioner appellee.*

WHICHARD, Judge.

In this jurisdiction parental rights may be terminated upon a finding that "[t]he child has been placed in the custody of a county department of social services, . . . and the parent, for a continuous period of six months next preceding the filing of the petition, has failed to pay a reasonable portion of the cost of care for the child." G.S. 7A-289.32(4). Our courts have upheld the constitutionality of this provision. *In re Clark*, 303 N.C. 592, 281 S.E. 2d 47 (1981); *In re Biggers*, 50 N.C. App. 332, 274 S.E. 2d 236 (1981).

Our Supreme Court has stated, however, that

> [a] parent's ability to pay is the controlling characteristic of what is a "reasonable portion" of cost of foster care for the child which the parent must pay. A parent is required to pay that portion of the cost of foster care for the child that is fair, just and equitable based upon the parent's ability or means to pay.

*Clark, supra*, 303 N.C. at 604, 281 S.E. 2d at 55. This Court has stated, in light of the foregoing from *Clark*, that "nonpayment would constitute a failure to pay a 'reasonable portion' if and only if respondent were able to pay some amount greater than zero." *In re Bradley*, 57 N.C. App. 475, 479, 291 S.E. 2d 800, 802 (1982); *see also Biggers, supra*, 50 N.C. App. at 339-41, 274 S.E. 2d at 240-41 (ability to pay is controlling characteristic of what is a reasonable amount to pay; as with child support orders, determination must be based upon interplay of amount necessary to meet reasonable needs of child, and the relative ability of the parties to provide it).

This Court also has stated, in a termination case in which the respondent contended she was unable to pay any of the child care costs, that "the better practice would have been for the trial court to have made separate findings as to her failure to pay." *In re Allen*, 58 N.C. App. 322, 327-28, 293 S.E. 2d 607, 611 (1982). The Court there found "no prejudice in this error" only because there were other grounds for termination sufficient to sustain the order. *Id.* at 328, 293 S.E. 2d at 611.

The only express basis for termination found here was the G.S. 7A-289.32(4) ground that respondent had failed to pay a reasonable portion of the cost of child care. The court made no find-

ing that respondent was able to pay such portion. It found that "she has no outside employment except for working in the river on an occasional basis" and "that because of a depressed economic situation in the home . . . she is not able to meet the financial needs of [the children]." Ability to meet the financial needs of the children is not the test, however. The test is whether respondent was "able to pay some amount greater than zero." *Bradley, supra.*

Pursuant to the foregoing authorities, we hold that the court erred in failing to make findings as to respondent's ability to pay some portion of the cost of child care. Unlike in *Allen*, respondent's failure to pay such was the sole ground for termination. The error thus cannot be held nonprejudicial, and the case must be remanded for findings as to whether respondent is "able to pay some amount greater than zero."

Remanded for findings.

Judges WEBB and HILL concur.