IN RE: DONALD RAY GARNER, A MINOR CHILD

IN RE: BOBBY DEWAYNE GARNER, A MINOR CHILD

No. 8419DC782

(Filed 4 June 1985)

**Parent and Child § 1.6— terminating parental rights—neglect of child—failure to pay costs of care—insufficient findings**

    The trial court erred in terminating respondent's parental rights on grounds of neglect and failure to pay a reasonable portion of the costs of foster care for the children where (1) the conclusion of neglect was based solely on the existence of a prior adjudication of neglect, and (2) the court failed to make adequate findings as to respondent's ability to pay some portion of the costs of foster care, especially while respondent was incarcerated for writing worthless checks.

    Judge BECTON concurring in result.

APPEAL by respondent Phyllis Brown Garner from *Neely, Judge.* Order entered 20 March 1984 in District Court, RANDOLPH County. Heard in the Court of Appeals 14 March 1985.

Respondent appeals from an order terminating her parental rights to Donald Ray Garner and Bobby DeWayne Garner. The Randolph County Department of Social Services (hereinafter petitioner) petitioned on 16 December 1983 for termination on the grounds that the respondent had neglected the children and, that for a continuous period of more than six months next preceding the filing of the petition, had failed to pay a reasonable portion of the cost of care for each child. The Randolph County District Court determined these children to be neglected on 13 July 1981, and they have been in foster care since that date. This proceeding involves only the respondent-mother, as the father has released the children to petitioner.

On 17 February 1983, petitioner and respondent executed an agreement and plan for the return of the children to respondent which required her to (i) establish a home by May 1983, (ii) establish dependable transportation for her children and herself, (iii) find and keep a job, or apply for public assistance, (iv) arrange for competent daycare if working, (v) make arrangements for the children to continue to receive help from the Mental Health Center, (vi) attend parenting classes, and (vii) refrain from writing bad checks. This agreement provided for court review of respond-

---

---

ent's compliance with the agreement in June 1983, and provided that if respondent had not met her part of the agreement at that time, termination proceedings could be instituted.

The court determined on 12 September 1984 that respondent had failed to comply with the agreement and to provide any financial support for the children. The court allowed petitioner to retain custody and recommended the institution of a termination proceeding. This action was instituted, and respondent appeals from an order terminating her parental rights.

*Gavin & Pugh by W. Ed Gavin for petitioner-appellee.*

*Bell & Browne, P.A. by Robert E. Wilhoit as Guardian Ad Litem.*

*Pierre Oldham for respondent-appellant.*

PARKER, Judge.

In her sole assignment of error, respondent asserts that the order terminating her parental rights is not supported by the findings of fact and conclusions of law.

General Statute 7A-289.32 provides that a court may terminate parental rights on seven different grounds, and a finding of any one of those grounds will authorize a court to terminate the parent's rights. G.S. 7A-289.31(a); *In re Moore,* 306 N.C. 394, 293 S.E. 2d 127 (1982). All such findings must, however, be based on "clear, cogent, and convincing evidence." G.S. 7A-289.30(e). The court in this case concluded that two grounds for termination existed. These were under subsections (2) and (4) which provide in part:

> (2) The parent has . . . neglected the child. The child shall be deemed to be . . . neglected if the court finds the child to be . . . a neglected child within the meaning of G.S. 7A-517(21).
>
> . . . .
>
> (4) The child has been placed in the custody of a county department of social services . . . and the parent, for a continuous period of six months next preceding the filing of the petition, has failed to pay a reasonable portion of the cost of care for the child.

G.S. 7A-517(21) provides in part:

Neglected Juvenile.—A juvenile who does not receive proper care, supervision, or discipline from his parent . . . or who is not provided necessary medical care or other remedial care recognized under State law, or who lives in an environment injurious to his welfare . . . .

In finding of fact No. 6, the court found "[t]hat each of the children has heretofore been adjudicated by Randolph District Court as being a neglected child." This finding was the sole finding of fact on the ground of neglect. The court then concluded as law that "Donald Ray Garner and Bobby DeWayne Garner are neglected children . . . ."

Our Supreme Court, in *In re Ballard*, 311 N.C. 708, 319 S.E. 2d 227 (1984), addressed this identical issue stating that "termination of parental rights for neglect may not be based solely on conditions which existed in the distant past but no longer exist." 311 N.C. at 714, 319 S.E. 2d at 231-32. The Court stated:

We hold that evidence of neglect by a parent prior to losing custody of a child—including an adjudication of such neglect —is admissible in subsequent proceedings to terminate parental rights.

. . . .

The respondent appellant next contends in support of this assignment of error that the trial court erroneously treated the prior adjudication of neglect standing alone as binding upon it and as determinative on the issue of neglect at the time of the termination proceeding. The respondent's contention in this regard has merit. 311 N.C. at 715, 319 S.E. 2d at 231-232.

As in *Ballard*, the trial court in the instant case treated the prior adjudication as determinative on the issue of neglect at the time of the termination proceeding. This was error. The court was certainly entitled to consider the prior adjudication in the fact-finding process, but *Ballard* requires new findings of fact based on "changed conditions . . . in light of the history of neglect by the parents and the probability of a repetition of neglect." 311 N.C. at 714, 319 S.E. 2d at 231.

Only one ground needs to be proven to uphold the termination order. G.S. 7A-289.31(a). Therefore, we must examine whether respondent failed to pay a reasonable portion of the cost of the care for the children.

The facts are undisputed that respondent had not contributed anything toward the support of her children since they were removed from her in 1981, and that she was incarcerated at the time of the termination hearing for writing numerous worthless checks. How long respondent had been incarcerated prior to the hearing is not clear from the record or termination order. The court, in finding of fact No. 13, found:

> That the mother for a continuous period of six months next preceding the filing of the Petitions to terminate parental rights has failed to pay a reasonable portion of the cost of care for the children; indeed, the mother has not paid any amount toward the support of the two children since they have been in the custody of the Randolph County Department of Social Services.

The relevant time period under the statute is "for a continuous period of six months next preceding the filing of the petition." G.S. 7A-289.32(4). Respondent contends that she could not pay any support during some portion of this relevant time period because of her incarceration.

In determining what is a "reasonable portion," the parent's ability to pay is the controlling factor. *In re Clark*, 303 N.C. 592, 281 S.E. 2d 47 (1981). In *Clark*, the Court stated:

> A parent is required to pay that portion of the cost of foster care for the child that is fair, just and equitable based upon the parent's ability or means to pay. What is within a parent's "ability" to pay or what is within the "means" of a parent to pay is a difficult standard which requires great flexibility in its application.

In the case *sub judice*, respondent paid nothing for the children's care over the relevant time period. This Court has previously held that "nonpayment would constitute a failure to pay a 'reasonable portion' if and only if respondent were able to pay some amount greater than zero." *In re Bradley*, 57 N.C. App. 475, 479, 291 S.E. 2d 800, 802 (1982).

In *Bradley*, the respondent-father was incarcerated and did not make any payments to support his children. Mr. Bradley was participating in the work-release program, but lost the privilege when he returned from work in an intoxicated condition. On appeal respondent argued the unreasonableness of requiring a prisoner to provide financial support while incarcerated. Rejecting this argument, the Court in *Bradley* enunciated the following rule:

> Where, as here, the parent had an opportunity to provide for some portion of the cost of care of the child, and forfeits that opportunity by his or her own misconduct, such parent will not be heard to assert that he or she has no ability or means to contribute to the child's care and is therefore excused from contributing any amount. 57 N.C. App. at 479, 291 S.E. 2d at 802-03.

The rule in *Bradley* was not a blanket statement that incarcerated parents can never assert an inability to provide support. Such a rule would be in conflict with the holding in *Ballard* that "[a] finding that a parent has ability to pay support is essential to termination for nonsupport on this ground." 311 N.C. at 716-17, 319 S.E. 2d at 233. The ruling that respondent Bradley would not be heard to assert his inability to pay was based on his misconduct in returning intoxicated from his work release job which would have allowed him the opportunity to earn money to provide for his children, not on his mere incarceration. To conclude otherwise would produce extremely harsh results.

Under the holding in *Bradley*, the trial court should have made a specific finding that respondent was able to pay some amount greater than zero during the relevant time period. This Court has previously stated, in a termination case in which the respondent contended she was unable to pay any of the child care costs, that "the better practice would have been for the trial court to have made separate findings as to her failure to pay." *In re Allen*, 58 N.C. App. 322, 327-28, 293 S.E. 2d 607, 611 (1982).

Pursuant to the foregoing authorities, we hold that the court erred (i) in concluding that the children were neglected based solely on the existence of the prior adjudication of neglect, and (ii) in failing to make adequate findings as to respondent's ability to

pay some portion of the cost of foster care. Under G.S. 7A-289.31 (a) if either ground had been properly found, the lower court's ruling could be sustained, but because both grounds were erroneously decided, the case must be remanded for findings as to whether or not the children are neglected and as to whether the respondent was "able to pay some amount greater than zero" during the relevant time period.

Reversed and remanded.

Judges WEBB and BECTON concur.

Judge BECTON concurring in the result.

Notwithstanding the views I expressed in my dissent in *In re Bradley*, 57 N.C. App. at 479-481, I believe that a remand in this case is proper. I, therefore, concur in the result.