IN THE MATTER OF: T.K.D.O.
No. COA08-1599
Court of Appeals of North Carolina
Filed May 5, 2009
This case not for publication
Jennifer S. O'Connor for petitioner-appellee Johnston County Department of Social Services.
Susan J. Hall for respondent-appellant.
Pamela Newell Williams for Guardian ad Litem.
STEPHENS, Judge.
Respondent-mother appeals the order terminating her parental rights to the minor child, T.K.D.O. For the reasons discussed herein, we affirm the trial court's order.

I. Procedural History and Factual Background
On 2 December 2005, Johnston County Department of Social Services ("JCDSS") received a child protective services report concerning T.K.D.O. ("the minor child"). The report alleged that both parents had substance abuse issues, used marijuana and cocaine in the presence of the minor child, and that the minor child was provided controlled substances. Upon investigation, JCDSS found that the minor child's father was incarcerated, and respondent-mother was living with her boyfriend, who was later determined to be a minor. On the initial home visit, JCDSS found the family residence to be dirty and cluttered, and also noticed a stench in the home, which the family attributed to a sewer problem. On a subsequent visit, the JCDSS social worker observed a cocaine scale on the living room table, a marijuana bong in a low trash can within reach of the minor child, and marijuana ashes on the floor. On 15 December 2005, JCDSS filed a juvenile petition alleging that the minor child was neglected and dependent. Also, on 15 December 2005, JCDSS was awarded nonsecure custody of the minor child. At an adjudication hearing held 22 February 2006, the parties consented to an adjudication of neglect and dependency. A dispositional hearing was held immediately thereafter. Upon finding the parties did not have an appropriate plan of care for the minor child, the minor child was placed in the legal custody of JCDSS with physical placement in foster care. The trial court relieved JCDSS of further efforts toward reunification with respondent-father as he had not completed a substance abuse assessment, attended parenting classes, or attended visitations, as previously ordered by the court. Also, respondent-father informed JCDSS that he intended to relocate to Pennsylvania.
The trial court held permanency planning hearings on 15 March 2006, 21 June 2006, and 26 July 2006. The minor child remained in the custody of JCDSS with placement in foster care and the trial court continued the plan of reunification with respondent-mother. At a permanency planning hearing on 4 October 2006, however, the trial court relieved JCDSS of efforts toward reunification with respondent-mother, and changed the permanent plan to custody with a relative. The trial court found efforts toward reunification with respondent-mother would be futile because respondent-mother had not attended substance abuse classes since June 2006, did not have appropriate housing, had not attained employment, and because she had resided in several homes in Pennsylvania since August 2006 and had not provided an address for her most recent apartment. JCDSS made repeated efforts to identify and locate a relative for placement of the minor child, but none of the identified relatives were approved. Thus, on 10 January 2007, the trial court changed the permanent plan to custody with a court-approved caretaker upon finding this would be in the minor child's best interest.
At a permanency planning hearing on 14 March 2007, the trial court found that reasonable efforts were made to finalize the minor child's permanent plan of custody with a relative, but the numerous home studies conducted of relatives were all denied. The trial court also found respondent-mother had been terminated from her job due to testing positive for cocaine; she had not completed parenting classes; she had been attending substance abuse classes, but dropped out, and was eventually terminated from the program. For these reasons, the trial court changed the permanent plan to adoption.
On 24 April 2008, JCDSS filed the Petition to Terminate Parental Rights on which the trial court's order is based. The termination of parental rights hearing was held on 28 August 2008and completed on 24 September 2008. On 15 October 2008, t he trial court entered an order terminating both parents' parental rights. From this order, respondent-mother appeals.

II. Grounds for Termination
On appeal, respondent-mother argues that the trial court "abused its discretion" in concluding as a matter of law that grounds existed to terminate her parental rights under N.C. Gen. Stat. § 7B-1111. However, abuse of discretion is not the appropriate standard of review for respondent-mother's first argument. Our Court reviews a trial court's determination that grounds exist for termination of parental rights for a showing of clear, cogent, and convincing competent evidence in support of these findings. In re Allen, 58 N.C. App. 322, 325, 293 S.E.2d 607, 609 (1982) . On review, our Court also determines "whether the [trial court's] legal conclusions are supported by the findings of fact." In re J.A.G., 172 N.C. App. 708, 712, 617 S.E.2d 325, 329 (2005) (internal quotation marks and citation omitted). If the trial court determines termination of parental rights is in the child's best interest, our Court reviews this determination for an abuse of discretion. See In re Brim, 139 N.C. App. 733, 745, 535 S.E.2d 367, 374 (2000) (applying abuse of discretion standard of review to trial court's decision that termination of parental rights was in the child's best interest).
"Termination of parental rights is a two-stage proceeding." Id. at 741, 535 S.E.2d at 371. In the adjudicatory stage, the trial court must determine that at least one ground for termination exists pursuant to N.C. Gen. Stat. § 7B-1111 . In re Blackburn, 142 N.C. App. 607, 610, 543 S.E.2d 906, 908 (2001). In this stage, the burden of proof is on the petitioner, and the court's decision must be supported by clear, cogent, and convincing evidence. Id. A trial court's determination that at least one ground for termination exists will be overturned only upon a showing by the respondent that there is a lack of clear, cogent, and convincing competent evidence to support the findings. Allen, 58 N.C. App. at 325, 293 S.E.2d at 609. The trial court's "findings of fact are conclusive on appeal if they are supported by `ample, competent evidence,' even if there is evidence to the contrary." In re J.M.W., 179 N.C. App. 788, 792, 635 S.E.2d 916, 919 (2006) (quoting In re Williamson, 91 N.C. App. 668, 674, 373 S.E.2d 317, 320 (1988)).
Once one or more of the grounds for termination are established, the trial court must proceed to the dispositional stage where the best interests of the child are considered. There, the court shall issue an order terminating the parental rights unless it further determines that the best interests of the child require otherwise.
Blackburn, 142 N.C. App. at 610, 543 S.E.2d at 908. "Once [the petitioner] has met its burden of proof in showing the existence of one of the grounds for termination, . . . the decision of whether to terminate parental rights is within the trial court's discretion." In re Allred, 122 N.C. App. 561, 569, 471 S.E.2d 84, 88 (1996) (citation omitted). "The decision to terminate parental rights is vested within the sound discretion of the trial judge and will not be overturned on appeal absent a showing that the [trialcourt's] actions were manifestly unsupported by reason." In re J.A.A., 175 N.C. App. 66, 75, 623 S.E.2d 45, 51 (2005) (citation omitted).
N.C. Gen. Stat. § 7B-1111(a)(1)(2007) provides for termination of parental rights where "[t]he parent has abused or neglected the juvenile. The juvenile shall be deemed to be abused or neglected if the court finds the juvenile to be . . . a neglected juvenile within the meaning of G.S. 7B-101." A neglected juvenile is
[a] juvenile who does not receive proper care, supervision, or discipline from the juvenile's parent, guardian, custodian, or caretaker; or who has been abandoned; or who is not provided necessary medical care; or who is not provided necessary remedial care; or who lives in an environment injurious to the juvenile's welfare; or who has been placed for care or adoption in violation of law.
N.C. Gen. Stat. § 7B-101(15) (2007). "Neglect must exist at the time of the termination hearing[.]" In re C.W., 182 N.C. App. 214, 220, 641 S.E.2d 725, 729 (2007) . However, where "the parent has been separated from the child for an extended period of time, the petitioner must show that the parent has neglected the child in the past and that the parent is likely to neglect the child in the future." Id.
In the present case, the trial court found grounds for terminating respondent-mother's parental rights pursuant to N.C. Gen. Stat. § 7B-1111(a)(1 ) in that the minor child was neglected by both parents and § 7B-1111 (a)(2) in that both parents willfully left the minor child in foster care for more than twelve months without showing to the satisfaction of the court that reasonable progress under the circumstances had been made in correcting those conditions which led to the removal of the minor child from the parents' custody. As stated above, we review the trial court's findings that grounds existed for termination based on neglect for the showing of clear, cogent, and convincing competent evidence to support these findings. Allen, 58 N.C. App. at 325, 293 S.E.2d at 609.
The evidence shows that respondent-mother continued to have substance abuse issues and failed to maintain stable housing. Respondent-mother smoked marijuana as late as May 2008. Additionally, at the time of the termination hearing, respondent-mother had been in her current residence since May 2008, but before that, respondent-mother had moved three times in a six-month period. Based on this and other evidence, the trial court made the following pertinent findings:
28. The Court finds that prior to the filing of the Petition to Terminate Parental Rights[,] the mother had not completed parenting classes, had not completed substance abuse counseling and was continuing to use controlled substances. The mother was unable to maintain stable housing and employment. The mother did not maintain consistent contact with JCDSS concerning her minor child. The mother did not provide gifts, cards or provisions for the minor child, except for . . . one or two occasions. The mother did not inquire about the well-being of the minor child. The Court further finds that when the mother was afforded the opportunity to visit with the minor child or have telephone contact with the child, she did not utilize the opportunity since August of 2006. The mother further failed to attend court hearings concerning her child to request visitation with the child. The Court finds in the twelve months prior to the filing of the Petition to Terminate Parental Rights on April 24, 2008, the mother had failed to resolve or make reasonable progress under the circumstances to resolve the protective issues which led to the removal of the juvenile. The Court finds that the mother had the ability to do so, thus her failure was willful.
. . . .
31. The Court finds that the mother testified that she has begun to address her substance abuse issues by seeing a substance abuse counselor and providing notes she allegedly took during an AA meeting. The mother did not provide any documentation from a counselor and further did not provide any independent documentation of her attendance at AA meetings. The Court finds that JCDSS has not been able to verify a plan of treatment for the mother or her attendance at any counseling session. The Court further finds that the mother has in the past not provided a full disclosure of her substance abuse issues to treatment providers, which resulted in an increase of recommended treatment after the counselors were provided more information from sources other than the mother. The Court further finds that the mother has begun substance abuse treatment in the past but was terminated on several occasions due to her lack of attendance. The Court finds that the mother has previously failed to demonstrate an ability to follow through with completing substance abuse counseling and as of the date of this hearing, if the mother is attending counseling, she has completed less counseling than her last attempt. The Court therefore cannot find that the mother has made or is currently making reasonable progress to address her substance abuse issues and parenting issues, which [led] to the juvenile's removal and would subject the child to a repetition of neglect if returned to the mother's home.
32. The Court finds that the mother has maintained part time employment but has not sought full time employment. The mother testified that she has recently obtained another part time job, however she provided . . . a pay check from only one place of employment where she works approximately 23 hours a week. No other pay check or employment verification was provided. The mother is dependent upon her boyfriend and/or her mother to meet her daily needs, both financially and otherwise, as well as for transportation. The Court finds that if the mother and her boyfriend end their relationship, she would be without a residence and could not meet her financial obligations. The mother has not been able to demonstrate stability in her life or commitment as evidenced by her housing situation and romantic relationships.
33. The court finds as a fact that the mother has not successfully addressed any of the [issues] which led to the juvenile's removal, which would prevent future neglect if the child were returned to her care. The Court has considered a change in the mother's circumstances or conditions, taken in light of the history of neglect and probability of repetition of neglect, and cannot find that positive changes have occurred or that the changes made by the mother will be maintained on a consistent basis. The Court finds that the issues which led to the juvenile's removal and subsequent adjudication as neglected have not been resolved and are present as of this date.
34. The Court finds that neither parent has acted consistent with their parental role. Both parents have failed to provide the personal contact, love and affection that are inherent in the parental relationship. The Court further finds that neither parent is a fit and proper parent as of this hearing date.
We hold that the trial court's findings of fact were supported by clear, cogent, and convincing evidence. Accordingly, we affirm the trial court's determination that grounds existed for termination of respondent-mother's parental rights.
Having concluded that at least one ground for termination of parental rights existed, we need not address the additional ground that respondent-mother "willfully left the [minor child] in foster care for more than twelve (12) months without showing to the satisfaction of the court that reasonable progress under the circumstances [had] been made in correcting those conditions which led to the removal of the [minor child] pursuant to [N.C. Gen. Stat. §] 7B-1111(a)(2)." "[W]here we determine the trial court properly concluded that one ground exists to support the termination of parental rights, we need not address the remaining grounds." In re Clark, 159 N.C. App. 75, 84, 582 S.E.2d 657, 663 (2003). Respondent-mother has not argued her remaining assignments of error on appeal, and they are deemed abandoned. N.C. R. App. P. 28(b)(6). The order of the trial court is affirmed.
AFFIRMED.
Judges JACKSON and STROUD concur.
Report per Rule 30(e).