An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-1401

NORTH CAROLINA COURT OF APPEALS

Filed: 17 June 2014

IN THE MATTER OF:

 C.L.         Wake County
             No. 12 JT 71


Appeal by respondent-father from order entered 18 September 2013 by Judge Margaret P. Eagles in Wake County District Court. Heard in the Court of Appeals 19 May 2014.

> *Wake County Attorney's Office, by Deputy County Attorney Roger A. Askew, for petitioner Wake County Human Services.*

> *Appellate Defender Staples Hughes, by Assistant Appellate Defender Annick Lenoir-Peek for respondent-father.*

> *Ellis & Winters LLP, by Kelly Margolis Dagger, for guardian ad litem.*


DILLON, Judge.


Respondent-father appeals from the trial court's order terminating his parental rights to the juvenile C.L.[1]

---

[1] We note that the order also terminated the parental rights of a second respondent-father to another juvenile, under the docket number 12 JT 70. The mother of both of the juveniles relinquished her parental rights and is not a party to this

Respondent-father contends the trial court erred by concluding two grounds existed to terminate his parental rights. We affirm.

Wake County Human Services ("WCHS") has been involved with the family since 2011. On 5 March 2012, WCHS intervened when the juvenile's sibling suffered a broken arm that appeared to be non-accidental. The juvenile's mother was arrested and charged with felony child abuse. At that time, respondent-father resided in Mexico, because he had been deported from the United States following a criminal conviction for possession of a firearm by a felon. The juvenile was placed in non-secure custody.

On 17 August 2012, the juvenile and her sibling were adjudicated neglected. The court ceased reunification efforts with the parents on 9 April 2013 and implemented a concurrent permanent plan of adoption and custody with a relative. On 30 April 2013, WCHS filed a petition to terminate respondent's parental rights. The petition alleged five grounds for termination: (1) dependency; (2) neglect; (3) willful failure to make reasonable progress; (4) willful failure to pay a reasonable portion of the cost of care; and (5) willful

appeal. Accordingly, we focus our discussion herein on the facts and legal issues relevant to C.L. and respondent-father.

abandonment. N.C. Gen. Stat. § 7B-1111(a)(1)-(3), (6)-(7) (2013).

On 2 August 2013, respondent-father filed a motion for review and requested a kinship assessment and home study of his parents as a placement for the juvenile. The matter came on for hearing on both the motion for review and the termination petition on 14 August 2013. On 18 September 2013, the trial court entered an order, concluding that it was not in the juvenile's best interest to be placed with the paternal grandparents. On the same date, the trial court entered an order terminating respondent-father's parental rights based on neglect and failure to pay a reasonable portion of the cost of care. N.C. Gen. Stat. § 7B-1111(a)(1), (3). Respondent-father appeals.

In two arguments on appeal, respondent-father contends that some of the trial court's findings of fact are not supported by adequate evidence and do not support the court's conclusions of law. In sum, respondent-father contends that his deportation prevented him from being served and fully participating in the juvenile case, and also excused him from paying a reasonable portion of the cost of care for the juvenile. We disagree.

At the adjudicatory stage of a termination of parental rights hearing, the burden is on the petitioner to prove by clear and convincing evidence that at least one ground for termination exists. N.C. Gen. Stat. § 7B-1109(f) (2013); *In re Blackburn*, 142 N.C. App. 607, 610, 543 S.E.2d 906, 908 (2001). Review in the appellate courts is limited to determining whether clear and convincing evidence exists to support the findings of fact, and whether the findings of fact support the conclusions of law. *In re Huff*, 140 N.C. App. 288, 291, 536 S.E.2d 838, 840 (2000).

"When the trial court is the trier of fact, the court is empowered to assign weight to the evidence presented at the trial as it deems appropriate." *In re Oghenekevebe*, 123 N.C. App. 434, 439, 473 S.E.2d 393, 397 (1996). "'[F]indings of fact made by the trial court . . . are conclusive on appeal if there is evidence to support them.'" *In re H.S.F.*, 182 N.C. App. 739, 742, 645 S.E.2d 383, 384 (2007) (citation omitted). "'[W]here no exception is taken to a finding of fact by the trial court, the finding is presumed to be supported by competent evidence and is binding on appeal[.]'" *In re S.D.J.*, 192 N.C. App. 478, 486, 665 S.E.2d 818, 824 (2008) (quoting *Koufman v. Koufman*, 330 N.C. 93, 97, 408 S.E.2d 729, 731 (1991)).

Although the trial court concluded two grounds existed to terminate respondent-father's parental rights, we find it dispositive that the evidence supports termination of his parental rights to the juvenile pursuant to N.C. Gen. Stat. § 7B-1111(a)(3), based on his failure to pay a reasonable portion of the cost of the juvenile's care during the six months immediately preceding the filing of the petition. *See In re Humphrey*, 156 N.C. App. 533, 540, 577 S.E.2d 421, 426 (2003) (a finding of one statutory ground is sufficient to support the termination of parental rights).

The requirement that a parent pay a reasonable portion of the cost of care "applies to all parents irrespective of their wealth or poverty. The parents' economic status is merely a factor used to determine their ability to pay such costs, but their ability to pay is the controlling characteristic of what is a reasonable amount for them to pay." *In re Biggers*, 50 N.C. App. 332, 339, 274 S.E.2d 236, 240 (1981) (decided under prior statute). Accordingly, "'[a] finding that a parent has ability to pay support is essential to termination for nonsupport' pursuant to N.C. Gen. Stat. § 7B-1111(a)(3)." *In re T.D.P.*, 164 N.C. App. 287, 289, 595 S.E.2d 735, 737 (2004) (citation omitted).

If a parent provides no support for the juvenile, his failure to provide a reasonable portion of the cost of care is willful if the trial court finds he had the ability to "pay some amount greater than zero during the relevant time period." *Id.* at 291, 595 S.E.2d at 738. "Where . . . the parent had an opportunity to provide for some portion of the cost of care of the child, and forfeits that opportunity by his or her own misconduct, such parent will not be heard to assert that he or she has no ability or means to contribute to the child's care and is therefore excused from contributing any amount." *In re Bradley*, 57 N.C. App. 475, 479, 291 S.E.2d 800, 802-03 (1982).

In this case, the trial court made the following findings of fact addressing respondent's failure to pay a reasonable portion of the cost of care:

> 19. . . . [Respondent-father] did not provide documentation regarding employment but claimed to be employed. . . . The social worker contacted [respondent-father] on January 15, 2013, and asked for his address. . . . [Respondent-father] admitted that he has not paid child support although he is and has been employed and is compensated for that employment.
>
> 20. That Wake County Human Services incurs expenses for the care of the child . . . in the form of a foster care board payment of $475.00 plus the cost of daycare and Medicaid.

. . . .

> 32. That [the juvenile] knows her father but has not seen him for over a year and a half. [Respondent-father] admitted to knowing in November 2012 that the child was in the custody of Wake County Human Services and did not make contact with the social worker until January 2013. . . .

These findings establish that respondent-father worked, earned an income, and had the ability to contribute more than zero toward the cost of the juvenile's care, but provided no support for the juvenile during the relevant six-month period. Further, the findings are supported by respondent-father's own testimony at the termination hearing. Although respondent-father argues on appeal that his deportation prevented him from providing support for the juvenile, he cannot rely on his own misconduct, including a criminal conviction that resulted in his deportation, as an excuse for his failure to support the juvenile. *See Bradley*, 57 N.C. App. at 479, 291 S.E.2d at 802-03. Finally, respondent-father's claim that he was not aware that the juvenile was in WCHS custody is similarly without merit, as he testified that he was informed she was in WCHS custody as of November 2012. Accordingly, we affirm the order terminating respondent-father's parental rights.

AFFIRMED.

Judges BRYANT and STEPHENS concur.

Report per Rule 30(e).