JERRY W. GOBLE v. V. LEE BOUNDS, DIRECTOR OF NORTH CAROLINA DEPARTMENT OF CORRECTION

No. 7217SC34

(Filed 23 February 1972)

1. Convicts and Prisoners § 2— prison records — confidential

Prison records are confidential and are not subject to inspection by the public or by the inmate involved. G.S. 148-74; G.S. 148-76.

2. Convicts and Prisoners § 2— prison records — inspection by inmate

A prison inmate's constitutional rights are not violated by refusal of the Department of Correction to allow him to examine the contents

of his prison file and to offer commentary on items which may adversely affect his opportunities for honor grade status, work release or parole.

3. **Convicts and Prisoners § 2— honor grade — discretion of Department of Correction**

The award of "honor grade status" to a prison inmate is a discretionary act of the State Department of Correction, and its decisions relating to such awards are not subject to procedural due process.

4. **Criminal Law § 138; Convicts and Prisoners § 2— work release — discretion of court and Board of Paroles**

Decisions of the trial court and the State Board of Paroles relating to the "work release privilege" are discretionary acts and are not subject to procedural due process.

APPEAL by plaintiff from an Order entered by *Long, Judge,* 14 July 1971, following a hearing in chambers by consent.

Jerry W. Goble, the plaintiff-appellant in this case, is a North Carolina resident and is incarcerated in the Blanch Prison unit in Caswell County, North Carolina. In his complaint, plaintiff alleges that his personal prison record contains a letter from Douglas Albright, Solicitor of the Twelfth Solicitorial District, who represented the State in plaintiff's criminal trial. It is further alleged that the said letter contains allegations which are derogatory of plaintiff and are highly damaging to his reputation; that the allegations must be false and plaintiff desires the opportunity to know the contents of said letter and desires to explain, deny, and rebut all parts of said letter which he might find to be inaccurate; that the allegations made in said letter have adversely affected his opportunities for earning honor grade status, work release, or parole. The complaint further states that the defendant, V. Lee Bounds, Director of North Carolina Department of Correction, and his agents and servants have failed and refused to permit the plaintiff the opportunity to review this letter, consider its accuracy and offer any commentary on the letter that he might desire; that the defendant consistently denies prisoners the right to examine the contents of their personal files maintained by the North Carolina Department of Correction; that the general practice of defendant and the specific denial by defendant to plaintiff of the right to review the letter is arbitrary, irrational, and capricious conduct by defendant, which has the effect of depriving plaintiff of rights, privileges, and immunities secured by the North Carolina

Constitution and the Constitution of the United States. The plaintiff requested that the complaint be treated as an affidavit and motion in support of injunctive relief.

Defendant moved to dismiss the complaint on the grounds that it had failed to state a claim upon which relief could be granted. Judge Long granted defendant's motion to dismiss and plaintiff appealed.

*Smith and Patterson, by Norman B. Smith and Michael K. Curtis, for plaintiff.*

*Attorney General Robert Morgan, by Assistant Attorney General Jacob L. Safron, for defendant.*

BROCK, Judge.

Plaintiff-appellant brings forward one assignment of error based on four exceptions to the Judgment of Judge Long filed 14 July 1971. The plaintiff's assignment of error is that the Superior Court committed reversible error in ordering the dismissal of plaintiff's action for an injunction. We do not agree.

[1]  The plaintiff's first exception was addressed to the Court's conclusion and finding " . . . that prison records of inmates are confidential and are not subject to inspection by the public nor the inmate concerned; and that the Plaintiff's allegations fail to allege a violation of his rights." As we construe G.S. 148-74 and G.S. 148-76 the trial court was correct. G.S. 148-74 states the administration of the Records Section is under the control and direction of the Director of Probation, the Commissioner of Correction, and the chairman of the Board of Paroles, and G.S. 148-76 states the information collected shall be made available to law-enforcement agencies, courts, correctional agencies, or other officials requiring criminal identification, crime statistics, and other information respecting crimes and criminals. These records are confidential and only named parties have access to them.

[2]  Plaintiff further contends that defendant's denial to plaintiff of the right to examine the contents of his personal prison file and to offer commentary on the contents of the file is arbitrary, irrational, and capricious conduct, which has the effect of depriving plaintiff of rights, privileges, and immunities secured by the Federal and North Carolina Constitutions. We

agree with the trial court in its conclusion " . . . that the plaintiff, upon being considered for honor grade status or work release, is not entitled, either under the State or Federal Constitutions, to procedural due process rights . . . . "

**[3]** G.S. 148-13 provides that the rules and regulations for the government of the State prison system may contain provisions relating to grades of prisoners, rewards and privileges applicable to the several classifications of inmates as an inducement to good conduct. In reference to G.S. 148-13, our court has stated that the prison rules and regulations respecting rewards and privileges for good conduct are strictly administrative and not judicial. The giving or withholding of the rewards and privileges under these rules promulgated by the State Department of Correction is not a matter with which the courts are authorized to deal. *State v. McCall,* 273 N.C. 135, 159 S.E. 2d 316 (1968) ; *State v. Garris,* 265 N.C. 711, 144 S.E. 2d 901 (1965). In other words, the award of "honor grade status" is a discretionary act of the State Department of Correction, and its decisions relating to such awards are not subject to procedural due process.

G.S. 148-33.1 provides for the "work release privilege" to eligible prison inmates. G.S. 148-33.1 (a) states " (w)henever a person is sentenced to imprisonment for a term not exceeding five years to be served in the State prison system, the presiding judge of the sentencing court may recommend to the State Department of Correction that the prisoner be granted the option of serving the sentence under the work release plan . . . . " Clearly, G.S. 148-33.1 authorizes but does not require the presiding judge of the sentencing court to recommend that the prisoner be granted the privilege of the Work Release Program. The granting of the privilege is within the discretion of the trial judge. *State v. Wright,* 272 N.C. 264, 158 S.E. 2d 50 (1967).

G.S. 148-33.1 (b) authorizes but does not require the Board of Paroles of this State to authorize the State Department of Correction to grant work release privileges to any inmate of the State prison system provided that the stated conditions in the statute are met.

**[4]** We hold that the decisions of the trial court and the State Board of Paroles relating to the "work release privilege" are discretionary acts and are not subject to procedural due process.

We conclude that honor grade status, work release privilege, and parole are discretionary acts of grace or clemency extended by the State as a reward for good behavior, conferring no vested rights upon the convicted person. In our judicial system, an accused person must be given full constitutional protection before and during his trial, but procedures of constitutional dimension are not appropriate in subsequent determinations of rewards for good behavior while serving a validly imposed sentence of confinement. The purpose of our correctional institution is to aid the convicted person and to rehabilitate him; therefore, we reject plaintiff's contentions which would create meaningless technicalities and, thus, impair and hinder the purpose of our correctional system when no substantive rights are involved.

Affirmed.

Judges BRITT and VAUGHN concur.