JAMES EDWARD GRAY, PLAINTIFF v. BILLY BRYANT, CAPTAIN LAKE, AND LIEUTENANT WHITAKER, DEFENDANTS

No. COA07-840

(Filed 1 April 2008)

**Prisons and Prisoners— inmate's pro se complaint alleging failure to follow court order—abuse of discretion standard**

The trial court abused its discretion by dismissing plaintiff inmate's pro se complaint as frivolous when it alleged defendants failed to follow a court order that required him to be committed to Dorothea Dix Hospital for examination and treatment because: (1) plaintiff, by alleging that defendants failed to follow a court order or took actions detrimental to his health, could have a cause of action if his allegations were proven; and (2) although plaintiff failed to support the allegations with either defendant Whitaker's letter to plaintiff stating he and the other defendants did not feel as thought they needed to comply with the court order, or the court order itself, a finding that the case was frivolous for failure to provide supporting documents was inappropriate at this preliminary stage. N.C.G.S. § 1-110(b).

Appeal by plaintiff from an order entered 9 March 2007 by Judge Franklin F. Lanier in Lee County Superior Court. Heard in the Court of Appeals 6 February 2008.

*James Edward Gray, plaintiff-appellant, pro se.*

*No brief for defendant-appellees.*

HUNTER, Judge.

James Edward Gray ("plaintiff") is currently an inmate at the Pamlico Correctional Institution in Bayboro, North Carolina. Plaintiff filed a civil complaint, which was verified, against Billy Bryant, Sheriff of Lee County, Captain Lake, and Lieutenant Whitaker ("defendants"), alleging that they had failed to comply with a court order.[1] Because plaintiff is an inmate filing a *pro se* complaint as an indigent *in forma pauperis*, the trial court was required to determine "whether the complaint is frivolous." N.C. Gen. Stat. § 1-110(b) (2007). The trial court made a determination the complaint was frivolous and exercised its discretion to dismiss the action. Plaintiff then received permission from the trial court to appeal its order. After careful consideration, we reverse the ruling of the trial court.

Plaintiff alleges that defendants failed to follow a court order that required him to be committed to Dorothea Dix Hospital for examination and treatment. Plaintiff also alleges that defendants were in possession of such order and willfully, knowingly, and purposefully disregarded that order. According to plaintiff, defendant Whitaker wrote a letter to plaintiff, stating that he and the other defendants did not feel as though they needed to comply with the court order.

Defendant presents one issue for this Court's review: Whether the trial court erred in dismissing his complaint as frivolous. A claim "is frivolous if 'a proponent can present no rational argument based upon the evidence or law in support of [it].' " *Rhyne v. K-Mart Corp.*, 149 N.C. App. 672, 689, 562 S.E.2d 82, 94 (2002) (alteration in original) (quoting Black's Law Dictionary 668 (6th ed. 1990)), *affirmed*, 358 N.C. 160, 594 S.E.2d 1 (2004). In determining whether a complaint is frivolous, the standard is not the same as in a ruling on a motion under Rule 12(b)(6). *Richards v. State's Attorneys Office*, 40 F. Supp. 2d 534, 536 (D. Vt. 1999). Instead, we " 'look with a far more forgiving eye' in examining whether a claim rests on a meritless legal theory." *Id.* (citation omitted). We review such dismissals for abuse of discretion. N.C. Gen. Stat. § 1-110.

Plaintiff, by alleging that defendants failed to follow a court order or took actions detrimental to his health, could have a cause of action if his allegations were proven. *See, e.g., Gillespie v. Crawford*, 833 F.2d 47, 49 (5th Cir. 1987) (plaintiff-prisoners' allegations that defendant-prison failed to comply with a court order to remedy living con-

---

1. Plaintiff has not included the first name of defendants Lake and Whitaker.

**GRAY v. BRYANT**

[189 N.C. App. 527 (2008)]

ditions in violation of Eighth Amendment constituted a cause of action). Although plaintiff has failed to support these assertions with either defendant Whitaker's letter or the court order, a finding that the case was frivolous for failure to provide supporting documents would be inappropriate at this preliminary stage. *See id.* We therefore reverse the trial court's order which found plaintiff's complaint to be frivolous.

Reversed and remanded.

Judges BRYANT and JACKSON concur.