JOSEPH MICHAEL GRIFFITH, Plaintiff v. NORTH CAROLINA DEPARTMENT OF CORRECTION, MR. THEODIS BECK, and MR. BOYD BENNETT, Defendants

No. COA08-966

(Filed 7 April 2009)

**Prisons and Prisoners— inmate's pro se complaint alleging violation of statute—argument not frivolous**

The trial court erred by dismissing plaintiff inmate's civil action *in forma pauperis* against defendant North Carolina Department of Correction (DOC) alleging that DOC was violating

N.C.G.S. § 12-3.1 by charging a $10.00 administrative fee for any disciplinary guilty disposition, and the case is remanded, because it cannot be said that plaintiff failed to present any rational argument based upon the evidence or law such that his claim was so lacking in merit as to be frivolous.

Appeal by plaintiff from an order entered 30 June 2008 by Judge Michael E. Beale in Anson County Superior Court. Heard in the Court of Appeals 11 February 2009.

*Joseph Michael Griffith, Pro se, plaintiff-appellant.*

*Attorney General Roy A. Cooper, III, by Assistant Attorney General Yvonne B. Ricci, for defendants-appellees.*

JACKSON, Judge.

Joseph Michael Griffith ("plaintiff") appeals the dismissal of his civil action *in forma pauperis* against the North Carolina Department of Correction ("DOC"), Theodis Beck, and Boyd Bennett (collectively "defendants"). For the reasons stated below, we reverse and remand.

Plaintiff is an inmate in the care and custody of defendants. On or about 19 June 2008, he filed a petition to sue as an indigent, along with a proposed complaint, with the Anson County Superior Court. The complaint alleged that defendants, by charging a $10.00 administrative fee for any disciplinary guilty disposition, were violating North Carolina General Statutes, section 12-3.1. The trial court determined that the complaint was frivolous and dismissed the action. Plaintiff appeals.

A claim is frivolous if a proponent can present no rational argument based upon the evidence or law in support of [it]. In determining whether a complaint is frivolous, the standard is not the same as in a ruling on a motion under Rule 12(b)(6). Instead, we look with a far more forgiving eye in examining whether a claim rests on a meritless legal theory. We review such dismissals for abuse of discretion.

*Gray v. Bryant,* 189 N.C. App. 527, 528, 658 S.E.2d 537, 538 (2008) (internal quotation marks and citations omitted) (alteration in original).

Here, plaintiff identified North Carolina General Statutes, section 12-3.1 which states that "[o]nly the General Assembly has the power

to authorize an agency to establish or increase a fee or charge for the rendering of any service or fulfilling of any duty to the public." N.C. Gen. Stat. § 12-3.1(a) (2007). He alleged that defendants exceeded their statutory authority by establishing a rule that "[a]ll inmates whose offenses result in a guilty disposition will be assessed an administrative fee of $10.00 . . . ." Division of Prisons, N.C. Dep't of Correction, *Policy and Procedure Manual*, B.0203 (Apr. 25, 2008). He sought declaratory and injunctive relief pursuant to North Carolina General Statutes, section 7A-245.

Section 12-3.1(a) further provides that "[n]otwithstanding any other law, a rule adopted by an agency to establish . . . a fee or charge shall not go into effect until the agency has consulted with the Joint Legislative Commission on Governmental Operations on the amount and purpose of the fee or charge to be established . . . ." N.C. Gen. Stat. § 12-3.1(a) (2007). Here, the State argues in its brief that the broad authority inherent in section 148-11(a)—granting the Secretary of Correction the authority to adopt rules for the government of the State prison system—gives the Secretary the authority to impose the fee at issue, but makes no mention that the agency has met its obligation to consult with the Joint Legislative Commission on Governmental Operations.

If plaintiff's allegations were proven, he could have a viable cause of action. We cannot say that plaintiff failed to present any rational argument based upon the evidence or law such that his claim was so lacking in merit as to be frivolous. He may or may not leave the courthouse victorious, but he has at least stated sufficient allegations to get through the front door.

Reversed and remanded.

Judges McGEE and HUNTER; JR., ROBERT N. concur.