JOSEPH MICHAEL GRIFFITH, Plaintiff,
v.
ALVIN W. KELLER; KEITH ACREE, Defendants.
No. COA09-1045.
Court of Appeals of North Carolina.
Filed March 2, 2010.
This case not for publication
Joseph Michael Griffith, pro se, plaintiff-appellant.
Attorney General Roy Cooper, by Assistant Attorney General Oliver G. Wheeler, IV, for defendants-appellees.
ROBERT C. HUNTER, Judge.
Joseph Michael Griffith ("plaintiff") appeals from the trial court's dismissal of his civil action against the Secretary of the Department of Correction, Alvin W. Keller ("Secretary Keller"), and the public information officer for the Department of Correction, Keith Acree ("Acree").[1] After careful review, we affirm the trial court's order.

Background
On 26 March 2009, plaintiff submitted a public records request to Secretary Keller in which he requested:
1. A complete list of all North Carolina inmates that were transfered [sic] pursuant to the interstate corrections compact (N.C. General Statutes 148-119, 148-120, 148-121) from 2005 to present.
2. All documents pertaining to these transfered [sic] inmates ([i.e.] request, all notices, investigations, reports, memos, e-mails, repl[ies], etc.)[.]
3. A list of all inmates from out of state .. . that were transfered [sic] to North Carolina under the interstate corrections compact.
4. All documents pertaining to these transfered [sic] inmates.
5. All policies, laws, rules that the N.C. Department of Correction use[s] pursuant to the interstate corrections compact.
On 6 May 2009, plaintiff submitted a second letter to Secretary Keller enclosing his original request. On 13 May 2009, on behalf of Secretary Keller, Acree sent plaintiff a letter denying his records request. Acree stated in the letter, inter alia: "We are not able to provide lists of inmates transferred under the Interstate Compact as most inmates are transferred for their own safety and security and the compact limits the release of such information." Furthermore, Acree cited Goble v. Bounds, 13 N.C. App. 579, 186 S.E.2d 638 (1972), aff'd, 281 N.C. 307, 188 S.E.2d 347 (1972) for the proposition that prison inmates' records are confidential. Acree also enclosed the "Policy and Procedure" for the "State of North Carolina Department of Correction Division of Prisons[.]"
On 2 July 2009, plaintiff submitted a "Petition to Sue/Appeal as an Indigent" with an attached complaint in which he alleged, inter alia, that he had a lawful right to the records he requested pursuant to N.C. Gen. Stat. § 148-121(b) (2007) and that defendants improperly denied his request. Plaintiff sought, inter alia, declaratory and injunctive relief. On 2 July 2009, Judge Tanya Wallace deemed plaintiff's complaint to be "frivolous" and dismissed the action. Plaintiff now appeals the trial court's determination.

Analysis

I. Standard of Review
N.C. Gen. Stat. § 1-110(b) (2007) states in pertinent part:
Whenever a motion to proceed as an indigent is filed pro se by an inmate in the custody of the Department of Correction, the motion to proceed as an indigent and the proposed complaint shall be presented to any superior court judge of the judicial district. This judge shall determine whether the complaint is frivolous. In the discretion of the court, a frivolous case may be dismissed by order.
Therefore, the trial court in this matter was authorized to review plaintiff's complaint to determine whether, in the court's discretion, the action was frivolous. Id.
A claim "is frivolous if `a proponent can present no rational argument based upon the evidence or law in support of [it].'" Rhyne v. K-Mart Corp., 149 N.C. App. 672, 689, 562 S.E.2d 82, 94 (2002) (alteration in original) (quoting Black's Law Dictionary 668 (6th ed. 1990)), aff'd, 358 N.C. 160, 594 S.E.2d 1 (2004).
In determining whether a complaint is frivolous, the standard is not the same as in a ruling on a motion under Rule 12(b)(6). Instead, we look with a far more forgiving eye in examining whether a claim rests on a meritless legal theory. We review such dismissals for abuse of discretion.
Gray v. Bryant, 189 N.C. App. 527, 528, 658 S.E.2d 537, 538 (2008) (citations and quotation marks omitted).

II. Plaintiff's Arguments
Plaintiff argues on appeal: (1) he was entitled to the records he requested pursuant to N.C. Gen. Stat. § 148-121(b) and that the request could not be denied under subsection (c) by anyone other than Secretary Keller himself and (2) the trial court erred in ruling that his complaint was frivolous and thereby denied his right to a jury trial. All other "[a]ssignments of error not set out in the appellant's brief, or in support of which no reason or argument is stated or authority cited, [have been] taken as abandoned." N.C. R. App. P. 28 (b)(6).

A. Statutory Right to the Records Requested
N.C. Gen. Stat. § 148-121 states:
(a) Except as provided in subsection (c) of this section, at least 30 days before a transfer of a North Carolina inmate to another state system pursuant to this Article is approved, the Secretary of Correction shall give notice that the transfer is being considered. The Secretary shall give notice of the proposed transfer by:
(1) Notifying the district attorney of the district where the prisoner was convicted, the judge who presided at the prisoner's trial, the law-enforcement agency that arrested the prisoner, and the victim of the prisoner's crime;
(2) Posting notice at the courthouse in the county in which the prisoner was convicted; and
(3) Notifying any other person who has made a written request to receive notice of a transfer of the prisoner.
(b) Except as provided in subsection (c) of this section, all written comments regarding a transfer are public records under General Statutes Chapter 132.
(c) If, in the discretion of the Secretary, such notice or disclosure requirements provided for in this section would jeopardize the safety of persons or property, the provisions of this section do not apply.
Plaintiff contends that under subsection (b), the records he requested pertaining to all inmates transferred under the Interstate Corrections Compact since 2005 should have been disclosed to him. We disagree.
Clearly, the statute was intended to inform parties with an interest in an inmate's whereabouts that the inmate may be transferred within thirty days. N.C. Gen. Stat. § 148-121(a)(1). Under subsection (b), any "written comments" regarding a transfer are public record and available upon request; however, we do not interpret this subsection to mean that all records, including internal emails and memoranda, pertaining to the transfer of unnamed inmates are public record.
Moreover, N.C. Gen. Stat. § 148-121(c) clearly gives the Secretary of the Department of Correction the ability to deny any records request pertaining to inmate transfer if such information "would jeopardize the safety of persons or property." Id. Acree's letter to plaintiff stated that an inmate is typically transferred for his or her own safety and that plaintiff was not entitled to a list of transferred inmates and all corresponding records.
Plaintiff does not contend that N.C. Gen. Stat. § 148-121(c) was not a proper ground for rejecting his request; rather, he claims on appeal that only Secretary Keller, not a representative of Keller such as Acree, could deny his request according to the plain language of N.C. Gen. Stat. § 148-121(c). However, plaintiff did not raise this issue before the trial court. Therefore, we decline to address this specific argument on appeal. N.C. R. App. P. 10(a)(1); Wood v. Weldon, 160 N.C. App. 697, 699, 586 S.E.2d 801, 803 (2003), cert. denied, 358 N.C. 550, 600 S.E.2d 469 (2004). Absent evidence or argument to the contrary, we find that N.C. Gen. Stat. § 148-121(c) was a proper basis for denial of plaintiff's records request.
Additionally, plaintiff not only requested documents pertaining specifically to the inmates' transfer; he also requested all documents pertaining to these inmates in general. Goble v. Bounds, which has not been overruled by statute, states that records pertaining to prison inmates are confidential and only certain individuals have statutory authority to view such records. 13 N.C. App. at 581, 186 S.E.2d at 640 ("[N.C. Gen. Stat] § 148-74 states the administration of the Records Section is under the control and direction of the Director of Probation, the Commissioner of Correction, and the chairman of the Board of Paroles, and [N.C. Gen. Stat.] § 148-76 states the information collected shall be made available to law enforcement agencies, courts, correctional agencies, or other officials requiring criminal identification, crime statistics, and other information respecting crimes and criminals. These records are confidential and only named parties have access to them."). Plaintiff is not a member of the class of persons specified by statute. Id.; N.C. Gen. Stat. §§ 148-74, -76 (2007).
In sum, plaintiff's complaint asserted that he was entitled to the records requested pursuant to N.C. Gen. Stat. § 148-121(b). The right to obtain records of inmate transfer under this statute is limited by subsection (c), which gives the Secretary of the Department of Correction the ability to deny the request if release of the records could jeopardize the safety of another. The denial of plaintiff's request was based on subsection (c), and plaintiff does not contend that this portion of the statute was inapplicable in this situation. We find that subsection (c), in fact, was a proper basis for denying plaintiff's request. Because we hold that plaintiff's argument rested on a meritless legal theory, we find no abuse of discretion in the trial court's determination that the action was frivolous. Thus, we affirm the dismissal of plaintiff's complaint.

B. Denial of Plaintiff's Right to A Jury Trial
Defendant claims that his constitutional right to a jury trial was violated when the trial court dismissed his civil action. We disagree. The trial court is given statutory authority under N.C. Gen. Stat. § 1-110(b) to dismiss claims that are deemed frivolous prior to a jury trial. Moreover, plaintiff did not request a jury trial in accord with N.C. Gen. Stat. § 1A-1, Rule 38(b) (2007).

Conclusion
Because there was no legal basis for plaintiff's claim, the trial court did not abuse its discretion in dismissing plaintiff's complaint on the ground that it was frivolous. The order of the trial court is affirmed.
Affirmed.
Judges BRYANT and JACKSON concur.
Report per Rule 30(e).
NOTES
[1] Collectively referred to as "defendants."