JAMES EDWARD GRAY Plaintiff,
v.
SHERIFF BILLY BRYANT, CAPTAIN LAKE, and KIEUTENANT WHITAKER, Defendants.
No. COA09-749.
Court of Appeals of North Carolina.
Filed April 6, 2010.
This case not for publication
James Edward Gray, pro se, Plaintiff-Appellant.
Parker Poe Adams & Bernstein LLP, by Kevin L. Chignell and Kathryn S. Lehman, for Defendants-Appellees.
PER CURIAM.
Plaintiff is currently an inmate at the Pamlico Correctional Institution in Bayboro, North Carolina. On 6 October 2008,[1] Plaintiff filed a civil complaint, which was verified, against Billy Bryant, Sheriff of Lee County, Captain Lake, and Lieutenant Whitaker (collectively, "Defendants"), alleging that they had failed to comply with a court order.[2] This matter was previously before our Court when we reversed and remanded the trial court's dismissal of Plaintiff's claim as frivolous. Gray v. Bryant, 189 N.C. App. 527, 658 S.E.2d 537 (2008). We reasoned that although Plaintiff failed to provide the documents which he claimed supported his allegations, a finding that the case was frivolous for failure to provide these supporting documents would be inappropriate at the preliminary stage where Plaintiff could have a cause of action if his allegations were proven. Id. at 528-29, 658 S.E.2d at 538. On remand, in an order entered 4 March 2009, the Superior Court of Lee County, the Honorable D. Jack Hooks, Jr. presiding, again dismissed Plaintiff's complaint for the following reasons:
1. All claims by Plaintiff are barred by the statute of limitations;
2. Plaintiff's claims against Defendants in their individual capacities are improper;
3. Plaintiff failed to plead waiver of sovereign immunity with respect to the claims in the Complaint;
4. Plaintiff failed to plead a proper causal connection between Defendants' alleged wrongdoing and Plaintiff's injuries; and
5. Plaintiff's claim for a deprivation under the North Carolina Constitution is dismissed because Plaintiff has an adequate remedy at law.
From this order, Plaintiff appeals. On 6 August 2009, Defendants filed a motion to dismiss Plaintiff's appeal.

Discussion
Plaintiff argues the following on appeal: (1) "The trial court abused its discretion by denying and obstructing [P]laintiff's right of access to courts[;]" (2) "[t]he trial court [violated] [P]laintiff's constitutional rights by placing unrealistic regulations to [P]laintiff's access to court[;]" (3) "the trial court abused its discretion by enforcing an environment of cruel and [unusual] punishment against [P]laintiff[;]" (4) "Plaintiff is within [statute] of limitations, even if [P]laintiff was not within [statute] of limitations, [P]laintiff's [statute] of limitations should not start until [P]laintiff has access to courts[;]" (5) "[t]he trial court failed to hold the pro se complaint to less stringent standards than formal pleadings drafted by an attorney[;]" (6) [t]he trial court abused its discretion by dismissing the pro se complaint on procedural grounds[;]" (7) "[t]he trial court [erred] when it dismissed the pro se complaint as frivolous[;]" and (8) "[t]he decision by the trial court denied the [P]laintiff meaningful access to the courts."
Of Plaintiff's eight arguments on appeal, only his argument regarding the statute of limitations addresses any of the reasons given by the trial court for dismissing Plaintiff's claims. Plaintiff has not argued that any of the trial court's other four reasons for dismissal were improper,[3] and thus, these issues are deemed abandoned. N.C. R. App. P. 28(b)(6) ("Issues not presented in a party's brief, or in support of which no reason or argument is stated, will be taken as abandoned."). Of the five reasons provided by the trial court for dismissing Plaintiff's claims, a finding of any one of these would warrant dismissal. Accordingly, because Plaintiff has waived review of the final four reasons, we need not address the statute of limitations issue. The order of the trial court is
AFFIRMED.
Judges STROUD and BEASLEY concur.
Report per Rule 30(e).
NOTES
[1] Although Plaintiff signed the complaint with a date of 21 February 2007, the summonses included in the record on appeal and the file stamped complaint contained in Defendants' brief indicate the complaint was filed on 6 October 2008.
[2] Plaintiff has not included the first names of Defendants Lake and Whitaker.
[3] Although Plaintiff's argument heading that "[t]he trial court abused its discretion by dismissing the pro se complaint on procedural grounds[]" could have raised issues regarding the third and fourth reasons stated by the trial court to warrant dismissal, in his brief, Plaintiff argues only that the court erred by dismissing his complaint as "frivolous," a reason not relied upon by the trial court to support the order now before us.