An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of A p p e l l a t e    P r o c e d u r e .

NO. COA13-1194
NORTH CAROLINA COURT OF APPEALS

Filed: 1 July 2014

JOSEPH MICHAEL GRIFFITH,
      Plaintiff,

      v.                                    Bertie County
                                            No. 13 CVS 235
NORTH CAROLINA PRISONER LEGAL
SERVICES *et al.*,
      Defendants.


Appeal by Plaintiff from Order entered 17 July 2013 by Judge Cy A. Grant in Bertie County Superior Court. Heard in the Court of Appeals 19 March 2014.

*Joseph Griffith pro se.*

*No brief for Defendants.*


STEPHENS, Judge.

*I. Factual Background and Procedural History*

Plaintiff is an inmate in the custody of the Division of Adult Correction of the North Carolina Department of Public Safety ("DPS") and incarcerated at Bertie Correctional Institution in Bertie County, North Carolina. Plaintiff has been incarcerated since 27 November 2002. On 7 March 2012, Plaintiff

filed a petition in Bertie County Superior Court "for an order allowing me to bring suit in this action as an indigent." That same day Plaintiff submitted an affidavit of indigency and a complaint alleging causes of action against North Carolina Prisoner Legal Services, Inc. ("NCPLS"); the executive director of NCPLS, Mary Pollard; DPS; the secretary of DPS, "Mr. Young"[1]; North Carolina Indigent Defense Services ("IDS"); Thomas K. Maher; the State of North Carolina; and Beverly Perdue (collectively, "Defendants"). The complaint includes the following pertinent allegations:

Defendants have (a) failed to provide Plaintiff with adequate support services for the purpose of prosecuting various legal actions; (b) declined to represent him when it is unlikely that there would be a large financial gain for Defendants; and (c) declined to represent him in lawsuits against the State, "family matters," and "legal disputes with persons outside the prison context," among other things. According to Plaintiff, these actions constitute a violation of (i) Plaintiff's right to adequate access to the courts under *Lewis v. Casey*, 518 U.S. 343, 135 L. Ed. 2d 606 (1996) and *Bounds v. Smith*, 430 U.S. 817,

---

[1] Plaintiff does not include the first name of Defendant Young.

52 L. Ed. 2d 72 (1977); and (ii) a valid and enforceable contract between NCPLS and IDS to provide such support.

Attributing these alleged violations to insufficient funding for NCPLS, among other causes, Plaintiff requested that the trial court order DPS to provide NCPLS with an additional three million dollars so that NCPLS can provide adequate legal services for all indigent defendants. Plaintiff also requested the implementation of an "adequate court access program which includes the necessary monetary resources, support services[,] and materials needed to ensure Plaintiff . . . effective and meaningful court access . . . ." One year and four months later, on 15 July 2013, the trial court dismissed Plaintiff's petition to sue as frivolous. Plaintiff seeks to appeal that order.

*II. Appellate Review*

Plaintiff includes a handwritten notice of appeal in the record. The notice indicates that it was submitted on 12 August 2013, but there is no indication that it was timely filed with the clerk of court or served on the alleged Defendants. Recognizing that his appeal might not be proper, Plaintiff designates his brief as "Plaintiff-Appellant's Brief or in the alternative Plaintiff's petition for writ of *certiorari*." (Italics added). In addition, Plaintiff notes in his section

entitled "Grounds for Appellate Review" that he seeks review either of a final judgment or by means of *certiorari* under Rule 21 of the North Carolina Rules of Appellate Procedure. We grant appellate review pursuant to Rule 21.

Because Plaintiff's notice of appeal does not indicate that it was timely filed with the clerk of superior court or that copies were served on the alleged Defendants, it does not comport with the requirements of Rule 3, and we are without jurisdiction to review the case. N.C.R. App. P. 3(a); *see also Von Ramm v. Von Ramm*, 99 N.C. App. 153, 156, 392 S.E.2d 422, 424 (1990) ("Without proper notice of appeal, this Court acquires no jurisdiction.") (citation and internal quotation marks omitted). Under Rule 21(a)(1), however, this Court has discretion to treat a purported appeal as a petition for writ of *certiorari* and grant that petition "when the right to prosecute an appeal has been lost by failure to take timely action . . . ." N.C.R. App. P. 21(a)(1); *Anderson v. Hollifield*, 345 N.C. 480, 482, 480 S.E.2d 661, 663 (1997) (". . . Rule 21(a)(1) gives an appellate court the authority to review the merits of an appeal by *certiorari* even if the party has failed to file notice of appeal in a timely manner.") (italics added); *see also Fearrington v. Univ. of North Carolina at Chapel Hill*, 126 N.C. App. 774, 777-

78, 487 S.E.2d 169, 172 (1997) (treating the petitioner's notice as a writ of *certiorari* and reviewing it under Rule 21(a)(1) when the petitioner's brief indicated that the notice was filed from the wrong order). We elect to do so here and proceed with a review of Plaintiff's arguments on the merits.

*III. Discussion*

Plaintiff argues that the trial court abused its discretion by dismissing his complaint as frivolous because (1) the court had a duty to consider his complaint on the merits and (2) Plaintiff had a right as a third-party beneficiary to bring suit to enforce the contract between NCPLS and IDS. We affirm.

*A. Constitutional Claims Presented to the Trial Court*

In his first argument on appeal, Plaintiff asserts that the trial court had a duty to consider his complaint on the merits and erred in failing to do so. Pointing out that his complaint challenges certain government actions as violating "numerous sections of the North Carolina Constitution and parts of the United States Constitution," Plaintiff asserts that the trial court violated its duty, as articulated by our Supreme Court in *Leandro v. State*, 346 N.C. 336, 345, 488 S.E.2d 249, 253 (1997) ("When a government action is challenged as unconstitutional, the courts have a duty to determine whether that action exceeds

constitutional limits."), by dismissing his complaint as frivolous. We disagree.

The trial court's authority to review the complaint of an inmate who files a *pro se* petition to proceed as an indigent is established in section 1-110(b) of the North Carolina General Statutes:

> Whenever a motion to proceed as an indigent is filed *pro se* by an inmate in the custody of the Division of Adult Correction of the Department of Public Safety, the motion to proceed as an indigent and the proposed complaint shall be presented to any superior court judge of the judicial district. This judge shall determine whether the complaint is frivolous. In the discretion of the court, a frivolous case may be dismissed by order. The clerk of superior court shall serve a copy of the order of dismissal upon the prison inmate. If the judge determines that the inmate may proceed as an indigent, service of process upon the defendant shall issue without further order of the court.

N.C. Gen. Stat. § 1-110(b) (2013) (italics added). This Court has clarified that

> [a] claim is frivolous if a proponent can present no rational argument based upon the evidence or law in support of it. In determining whether a complaint is frivolous, the standard is not the same as in a ruling on a motion under Rule 12(b)(6). Instead, we look with a far more forgiving eye in examining whether a claim rests on a meritless legal theory. We review such dismissals for abuse of discretion.

*Griffith v. N.C. Dep't of Corr.*, 196 N.C. App. 173, 174, 675 S.E.2d 72, 73 (2009) (citations, internal quotation marks, and certain brackets omitted).

Section 1-110 plainly states that the superior court judge shall "determine whether the complaint is frivolous." As we noted in *Griffith*, this process involves reviewing the evidence and law presented by the plaintiff and determining whether the two, together, support a meritorious legal theory. *Id.* Such a determination necessarily involves a consideration of the allegations in the plaintiff's complaint — including allegations of unconstitutional government action. Thus, even accepting Plaintiff's assertion that the trial court had a duty to consider the allegations in his complaint, we find no evidence that the trial court failed to do so here. The record indicates that Plaintiff filed his petition on 7 March 2012 and, approximately one year and four months later, the trial court concluded that the complaint was frivolous. Plaintiff does not argue that the trial court was required to draft a more detailed order or that the order was somehow deficient (*e.g.*, because Plaintiff's claim is not, in fact, frivolous). Therefore, to the extent the trial court had a duty to review Plaintiff's

arguments, we conclude that it fulfilled such duty. Accordingly, Plaintiff's first argument is overruled.

*B. Plaintiff's Third-Party Beneficiary Claim*

In his second argument on appeal, Plaintiff contends that the trial court erred by dismissing his complaint as frivolous because Plaintiff has a "right to use the courts to establish the validity and/or enforcement of a state contract that he was a direct third-party beneficiary of." Plaintiff elaborates by pointing out that the practice of allowing a third-party beneficiary to bring an action to enforce a contract made for his benefit is "well established in this jurisdiction." This argument is without merit.

The mere existence of a third-party beneficiary's general contract right to bring suit to enforce an agreement between the promisor and the promisee has no bearing on the enforceability of that agreement. While Plaintiff is correct that a third-party beneficiary may, under certain circumstances, bring suit against the primary parties to a contract, *see, e.g.*, *James River Equip., Inc. v. Tharpe's Excavating, Inc.*, 179 N.C. App. 336, 343, 634 S.E.2d 548, 554 (2006) ("A third party beneficiary to an agreement may properly maintain an action for its breach, where the agreement is made for the third party's direct benefit

and the benefit accruing to him is not merely incidental.") (citation, internal quotation marks, and brackets omitted), this general right does not resolve whether the particular allegations in Plaintiff's complaint are frivolous or meritorious. As the trial court's order makes clear, Plaintiff was barred from suing Defendants because he did not allege any rational legal theory supporting his claim for relief, not because he was suing Defendants as an alleged third-party beneficiary.

On appeal, Plaintiff makes no argument that the allegations in his complaint are valid or, at a minimum, not frivolous. Instead, he merely explains the legal basis for bringing suit as a third-party beneficiary. This argument does not support overturning the trial court's order for abuse of discretion. Accordingly, we affirm the order of the trial court.

AFFIRMED.

Judges GEER and DILLON concur.

Report per Rule 30(e).