An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA15-84

Filed: 1 September 2015

Wake County, No. 14 CVS 8849

ROBERT ALLEN SARTORI, Plaintiff,

v.

NORTH CAROLINA DEPARTMENT OF PUBLIC SAFETY; DPS COMMUNICATIONS, INFORMATION TECHNOLOGY SERVICES; GEORGE T. SOLOMON; KIERAN J. SHANAHAN; AMERICAN TELEPHONE AND TELGRAPH CO.; GLOBAL-TEL-LINK CORP; and EVERCOM SYSTEMS INC., Defendants.

Appeal by plaintiff from order entered 11 August 2014 by Judge Donald W. Stephens in Wake County Superior Court. Heard in the Court of Appeals 13 August 2015.

*Robert Sartori, pro se.*

*Attorney General Roy Cooper, by Assistant Attorney General Yvonne B. Ricci, for defendant.*

INMAN, Judge.

Plaintiff Robert Allen Sartori appeals the order dismissing his civil action against the North Carolina Department of Public Safety ("NCDPS"), George T. Solomon ("Solomon") and Kieran J. Shanahan ("Shanahan") in their official capacities as NCDPS officers, and several telecommunications providers (the "providers") (collectively, "Defendants") as frivolous pursuant to N.C. Gen. Stat. § 1-110(b).

After careful review, we conclude that the trial court did not abuse its discretion in dismissing Plaintiff's action and affirm the order.

**Factual and Procedural Background**

On 3 July 2014, Plaintiff, an inmate at Scotland Correctional Institution, filed a petition to sue as an indigent, along with a proposed complaint, in Wake County Superior Court. Plaintiff's proposed complaint alleged that, between 5 March 1997 and 1 July 2011, the services contract between the providers and NCDPS resulted in excessively high fees to the recipients of the inmates' phone calls. Furthermore, Plaintiff contended that inmates are often unable to get a dial tone when using the phones. In his complaint, Plaintiff asserted two causes of action: (1) violations of the First, Fifth, and Fourteenth Amendments of the United States Constitution and violations of various sections of the North Carolina Constitution's Declaration of Rights; and (2) violations of sections 18, 19, and 23 of the North Carolina Declaration of Rights. Plaintiff failed to provide any specific allegations to support his second cause of action but, instead, primarily argued that his claims were not barred by sovereign immunity.

Judge Donald Stephens determined that Plaintiff's complaint was frivolous pursuant to N.C. Gen. Stat. § 1-110(b) and dismissed it. Plaintiff received permission from the trial court to appeal the order and filed a notice of appeal on 3 September 2014.

## Standard of Review

This Court reviews a trial court's N.C. Gen. Stat. § 1-110(b) determination on frivolity for an abuse of discretion. *Gray v. Bryant*, 189 N.C. App. 527, 528, 658 S.E.2d 537, 538 (2008). Accordingly, "the trial court's decision is to be accorded great deference and will be upset only upon a showing that it was so arbitrary that it could not have been the result of a reasoned decision." *Kingston v. Lyon Constr., Inc.*, 207 N.C. App. 703, 709, 701 S.E.2d 348, 353 (2010) (internal quotation marks omitted).

## Analysis

N.C. Gen. Stat. § 1-110(b) governs the treatment of motions to proceed as an indigent for inmates:

> Whenever a motion to proceed as an indigent is filed pro se by an inmate in the custody of the Division of Adult Correction of the Department of Public Safety, the motion to proceed as an indigent and the proposed complaint shall be presented to any superior court judge of the judicial district. This judge shall determine whether the complaint is frivolous. In the discretion of the court, a frivolous case may be dismissed by order.

This Court has explained that

> [a] claim is frivolous if a proponent can present no rational argument based upon the evidence or law in support of [it]. In determining whether a complaint is frivolous, the standard is not the same as in a ruling on a motion under Rule 12(b)(6). Instead, we look with a far more forgiving eye in examining whether a claim rests on a meritless legal theory.

*Griffith v. N.C. Dep't of Corr.*, 196 N.C. App. 173, 174, 675 S.E.2d 72, 73 (2009).

Here, as the basis for his causes of action, Plaintiff identified various constitutional violations including, but not limited to, violations of the Eight Amendment's prohibition on cruel and unusual punishment and the First Amendment's right to free speech under the United States Constitution and violations of equal protection and prohibition of monopolies under North Carolina Declaration of Rights. Plaintiff's constitutional claims rely on vague factual allegations that Defendants engaged in unfair and deceptive, fraudulent, and deceptive acts. These allegations are insufficient to establish the constitutional violations Plaintiff is asserting as the bases for his complaint. Thus, even construing Plaintiff's proposed complaint liberally and with a "forgiving eye," *Griffith*, 196 N.C. App. at 174, 675 S.E.2d at 73, it is devoid of any factual allegations or "rational argument," *id.*, that Defendants engaged in conduct that violated the United States and North Carolina Constitutions. In the absence of any underlying support for Plaintiff's claims, we are unable to conclude that the trial court's action was so arbitrary that it could not have been the result of a reasoned decision. Accordingly, we affirm the trial court's order dismissing Plaintiff's proposed complaint for frivolity pursuant to N.C. Gen. Stat. § 1-110(b).

Based on our conclusion that the trial court did not abuse its discretion in dismissing Plaintiff's action, it is not necessary to address Defendants' alternative argument that defendants Solomon, Shanahan and NCDPS are entitled to judgment

as a matter of law based on sovereign immunity. *See generally Hedgepeth v. Lexington State Bank*, __ N.C. App. __, __, 744 S.E.2d 138, 144 (2013) (declining to address the defendants' alternative basis for dismissal once the trial court's dismissal order was affirmed). Accordingly, we deny Defendants' motion to dismiss the appeal.

AFFIRMED.

Judges STROUD and MCCULLOUGH concur.

Report per Rule 30(e).