HUNTER, JR., Robert N., Judge.
 

 *886
 

 *396
 
 Terrance Adams ("Plaintiff") appeals a child support order and an order awarding attorneys' fees to Alma Adams ("Defendant"). Plaintiff argues the trial court erred in dismissing Plaintiff's complaint for child support because Plaintiff had a statutory right to seek a child support order. Plaintiff also argues the trial court erred in awarding Defendant attorneys' fees because Plaintiff's child support action was not frivolous. We conclude the trial court properly dismissed Plaintiff's complaint for child support since Plaintiff and Defendant's Separation Agreement covering child support had been incorporated into the divorce order in a prior ruling by the trial court, and Plaintiff admitted there was no substantial change in circumstances. We also conclude the trial court did not abuse its discretion in awarding Defendant attorneys' fees.
 

 I. Factual and Procedural Background
 

 Plaintiff and Defendant were married on 4 June 2005. One minor child was born of the marriage on 13 April 2009. On or about 8 April 2013, the couple separated. The parties entered into a Separation and Property Settlement Agreement ("the Agreement") on 8 April 2013. This Agreement provides the parties have joint legal and physical custody of the minor child. The terms of this Agreement provided the parties split all expenses related to caring for the minor child, including day care and medical expenses. The Agreement does not otherwise mention child support.
 

 Plaintiff served Defendant with a summons and complaint for absolute divorce on 16 April 2014, and the trial court entered judgment on 19 May 2014. On 18 April 2016, the parties entered into a Modified Parenting Agreement. This modified agreement states it "is not intended to replace the terms of the Separation Agreement incorporated as an Order of the Court by Judge James T. Hill on May 19, 2014 in full."
 

 On 12 July 2016, Plaintiff retained the public services of Durham County Child Support Services in order to establish a child support order against Defendant.
 

 Plaintiff's child support complaint contained several false statements including: (1) the complaint provided the parties were married on 4 June 2006, when in fact they were married on 4 June 2005; (2) the
 
 *397
 
 complaint lists the parties' date of separation as 31 May 2014, when in fact the parties separated on 8 April 2013; (3) the complaint alleges the minor child had received or was then receiving public assistance when in fact the minor child has never received public assistance; and (4) the complaint states Defendant should be ordered to provide medical coverage or support for the minor child, when in fact Defendant has provided medical insurance for the minor child since his birth.
 

 On 26 September 2016, Defendant filed an answer and counterclaim. Defendant denied Plaintiff's false statements in the Answer portion and also asserted counterclaims for child support and specific performance.
 

 On 22 September 2016 and 27 September 2016, Defendant's counsel sent two letters to Mary Drake, the assigned case worker who verified Plaintiff's complaint, at Durham County Child Support Enforcement Agency requesting Plaintiff's 2015 W-2 form. Defendant did not receive a response from either letter. On 7 October 2016, Defendant's counsel issued a discovery request to Plaintiff, in care of Attorney Nathan L. McKinney (who signed the Child Support Complaint), and Defendant again received no response.
 

 On 3 November 2016, Defendant's counsel spoke with the Assistant County Attorney. The Assistant County Attorney informed Defendant's counsel the Durham County Child Support Enforcement Agency does not respond to discovery or deposition notices because the County Attorney represents the Child Support Enforcement Agency and not Plaintiff. Defendant's Counsel then sent all
 
 *887
 
 discovery requests directly to Plaintiff. Plaintiff did not respond to Defendant's discovery requests and Defendant's counsel elected to depose Plaintiff on 30 November 2016.
 

 During the deposition, Plaintiff acknowledged he received the discovery requests, but chose not to provide the information prior to the deposition. Included in Defendant's discovery requests were questions relating to Plaintiff's wife and Plaintiff's W-2 forms for the past two years. Plaintiff produced a W-2 form at the deposition. However, Plaintiff redacted much of the information on the W-2 form. Plaintiff also refused to answer questions related to the redacted information during his deposition. Also in his deposition, Plaintiff stated he sought the services of Durham County Child Support Enforcement Agency to secure child support to assist him with paying for the minor child's track-out camps, as well as before and after school care costs. Plaintiff acknowledged already having a court order reflecting the cost share responsibility of these expenses.
 

 *398
 
 Additionally, Plaintiff admitted during his deposition there were no substantial changes in circumstances affecting the needs of the minor child since the entry of the court order incorporating the Agreement. Plaintiff moved forward with the child support suit because the Agreement "was a bad situation for [him], and [he] needed to get out of it."
 

 On 1 December 2016, Defendant filed a Motion for Attorneys' Fees. In that motion, Defendant stated:
 

 [Counsel for Defendant] has been informed through Durham County Assistant Attorney ... that Plaintiff ... retained the Agency to secure child support to assist him with paying for the minor child's track out camps, and before and after school care. The average monthly amount paid by Plaintiff ... for said childcare is $318.00 per month. Upon learning of this exact figure, Defendant ... sent Plaintiff ... a text message informing him that she would be sending him a check for half of the childcare costs for November and December 2016. Plaintiff ... sent a text message back to Defendant ... telling her not to send the money to him and also not to pay the provider directly. ... Defendant ... mailed payment to Plaintiff ... despite his stated refusal to accept it.
 

 ....
 

 Plaintiff ... has necessitated the filing of this action for attorney's fees due to his frivolous suit against Defendant and his unwillingness to provide needed documentation, and also his stated refusal to accept payment from Defendant.
 

 Upon information and belief, Plaintiff['s] wife, Kameeleon Johnson, works at Durham County Child Support Enforcement and has been a driving factor behind this suit and behind [Plaintiff's] refusal to cooperate. At his deposition, Plaintiff ... refused to answer any questions involving his wife, even including stating her name and place of employment.
 

 After a hearing on 19 January 2017, the trial court entered an order on child support on 19 April 2017. In that order the trial court concluded Plaintiff has "unclean hands in this action," and Plaintiff's complaint for child support is a "frivolous suit." The trial court dismissed Plaintiff's complaint for child support with prejudice.
 

 *399
 
 In an order entered 1 May 2017, the trial court found "Plaintiff's Complaint for Child Support was a frivolous lawsuit without merit which forced the Defendant to incur substantial attorney's fees in defense." The trial court concluded Plaintiff "filed the frivolous Complaint for Child Support without even reading the Complaint," and forced Defendant to "incur substantial attorney's fees." The trial court ordered Plaintiff to pay "$9,000.00 of Defendant's attorney's fees."
 

 Plaintiff timely appealed.
 

 II. Standard of Review
 

 In reviewing a child support order, this Court's review "is limited to a determination [of] whether the trial court abused its discretion."
 
 Johnston Cty. ex rel. Bugge v. Bugge
 
 ,
 
 218 N.C. App. 438
 
 , 440,
 
 722 S.E.2d 512
 
 , 514 (2012) (
 
 Spicer v. Spicer
 
 ,
 
 168 N.C. App. 283
 
 , 287,
 
 607 S.E.2d 678
 
 , 682 (2005) ).
 

 "The trial court's decision to impose or not to impose mandatory sanctions under N.C.G.S. § 1A-1, Rule 11(a) is reviewable
 
 de novo
 
 as a legal issue."
 

 *888
 

 Turner v.
 

 Duke Univ.
 
 ,
 
 325 N.C. 152
 
 , 165,
 
 381 S.E.2d 706
 
 , 714 (1989). Under this
 
 de novo
 
 review this Court will determine:
 

 (1) whether the trial court's conclusions of law support its judgment or determination, (2) whether the trial court's conclusions of law are supported by its findings of fact, and (3) whether the findings of fact are supported by a sufficiency of the evidence. If the appellate court makes these three determinations in the affirmative, it must uphold the trial court's decision to impose or deny the imposition of mandatory sanctions under N.C.G.S. § 1A-1, Rule 11(a).
 

 Brown v. Brown
 
 ,
 
 112 N.C. App. 614
 
 , 617,
 
 436 S.E.2d 404
 
 , 406 (1993) (quoting
 
 Turner v. Duke Univ.,
 

 325 N.C. 152
 
 , 165,
 
 381 S.E.2d 706
 
 , 714 (1989) ).
 

 "[I]n reviewing the appropriateness of the particular sanction imposed, an 'abuse of discretion' standard is proper[.]"
 
 Turner
 
 at 165,
 
 381 S.E.2d at 714
 
 .
 

 III. Analysis
 

 Plaintiff first argues the trial court denied Plaintiff his statutory right to seek a child support order when the trial court dismissed Plaintiff's complaint. At the outset we note Plaintiff's brief fails to cite any case law or North Carolina statute in support of his contention the trial court
 
 *400
 
 denied his statutory right to seek a child support order when the trial court dismissed his complaint. Rather, Plaintiff cites federal law
 
 42 U.S.C. § 654
 
 , which is persuasive authority and not binding on this Court.
 

 The trial court found the parties' "separation agreement is dually enforceable through the divorce judgment[.]" Furthermore, the trial court found "that there has been no substantial change in circumstances affecting the welfare of the child, and therefore that no-there should be no changes to the award of what is contained in the judgment as incorporated in the separation agreement." We therefore conclude the trial court did not abuse its discretion in dismissing Plaintiff's complaint for child support.
 

 Plaintiff next argues the trial court "improperly referenced" Plaintiff's income because such a fact is "irrelevant and suggests the court was implementing an income test for access to Child Support Services, when no such requirement exists." Under
 
 N.C. Gen. Stat. § 50-13.4
 
 (c), the trial court properly evaluated Plaintiff's income to determine if the amount of support paid for the minor child meets the reasonable needs of the child. Additionally, our State Supreme Court has stated the trial court should evaluate the relative ability of the parties to pay support when it makes a child support order.
 
 Coble v. Coble
 
 ,
 
 300 N.C. 708
 
 , 712,
 
 268 S.E.2d 185
 
 , 189 (1980). We conclude the trial court did not err in referencing Plaintiff's income since that information was relevant to Plaintiff's claim for child support.
 

 Plaintiff next challenges the validity of the separation agreement's incorporation into the divorce decree. Plaintiff admitted in his brief and in his deposition he asked for the parties' separation agreement, which stated the parties would equally share child care expenses, to be made a part of the divorce order.
 

 [W]henever the parties bring their separation agreements before the court for the court's approval, it will no longer be treated as a contract between the parties. All separation agreements approved by the court as judgments of the court will be treated similarly, to-wit, as court ordered judgments. These court ordered separation agreements, as consent judgments, are modifiable, and enforceable by the contempt powers of the court, in the same manner as any other judgment in a domestic relations case.
 

 Walters v. Walters
 
 ,
 
 307 N.C. 381
 
 , 386,
 
 298 S.E.2d 338
 
 , 342 (1983). There is no evidence tending to show the trial court failed to properly incorporate
 
 *401
 
 the separation agreement into the divorce order. This argument is without merit.
 

 Plaintiff also contends he did not need to show a substantial change in circumstances in order to modify the child support order because there was not a prior child support order in place. As discussed
 
 supra
 
 , we conclude the trial court properly incorporated the separation agreement into its divorce
 
 *889
 
 order. Therefore, a valid child support order exists. This argument is without merit.
 

 Finally, Plaintiff contends the trial court improperly awarded Defendant attorneys' fees since Plaintiff's complaint for child support was not frivolous.
 

 "A claim is frivolous if a proponent can present no rational argument based upon the evidence or law in support of [it]."
 
 Griffith v. N.C. Dep't of Corr.
 
 ,
 
 196 N.C. App. 173
 
 , 174,
 
 675 S.E.2d 72
 
 , 73 (2009). Here, the trial court found as fact Plaintiff's complaint was frivolous. The trial court also found numerous errors in the complaint: (1) the incorrect date of marriage; (2) the incorrect date of separation; and (3) a false statement regarding the minor child receiving public assistance in the past or presently. The trial court also found Plaintiff never saw a copy of the complaint until the date of his deposition, and the complaint requested Defendant to provide the minor child's medical coverage when in fact Defendant has provided medical insurance for the minor child since birth. The trial court also found Plaintiff failed to "take action" to correct these errors.
 

 Finally, the trial court found "Defendant's counsel had to expend considerable time in investigating Plaintiff's claims and the false accusations in his complaint, including having to take Plaintiff's deposition and review considerable documentation." Additionally, Plaintiff admitted there was an existing court order to provide for the support of the minor child when Plaintiff filed his complaint.
 

 These facts support the trial court's conclusion Plaintiff's complaint was frivolous.
 

 The trial court evaluated the fees Defendant incurred in having to defend against Plaintiff's frivolous suit. Counsel for Defendant informed the trial court her legal fees totaled $17,013.85. In its order, the trial court determined Defendant's counsel's hourly rate was reasonable "for the area given for her level of experience and expertise." The trial court did not require Plaintiff to pay the total amount incurred, but ordered Plaintiff to pay $9,000.00. We conclude the trial court therefore
 
 *402
 
 reasonably and properly considered the evidence of Defendant's fees in calculating Defendant's award.
 

 Plaintiff cannot show the trial court abused its discretion in awarding Defendant attorneys' fees in this case.
 

 AFFIRMED.
 

 Judges DIETZ and ZACHARY concur.